F. F. DORR, Appellant, *vs.* CHARLES STEWART, Appellee — Appeal from Galveston County.

In charging the jury on the law of covenants, the judge ought to give the legal construction of the covenants to which he refers.

This was a suit brought by Stewart, the plaintiff in the court below, to recover of the defendant, Dorr, damages for an alleged breach of contract entered into between them on the 15th day of February, 1847, by which the plaintiff agreed to do the carpenter's work on a brick store, for Dorr, and furnish materials for the same. The brick work was to be done by Wm. B. Nichols. The mutual agreement of the said parties, in relation to the terms, and the time and manner of the completion of said work, are contained in the following provisions embraced in said agreement. After enumerating the various kinds and species of work to be done, the plaintiff on his part agreed and undertook as follows: "I am so to arrange my work that it may not conflict with or delay the work of any of the parties to be engaged in constructing the building. I am to do all the work in and about the store that properly comes under the head of carpenter's work, and to furnish materials for the same at my own cost. I further agree to perform the said work in and about the building as fast and as rapidly as may be required by Mr. Nichols, so that the mason's work may not be delayed, neither that of the tinsmith; and further, I agree that all my work shall progress, if not delayed by Mr. Nichols, so that the store shall be completed for occu-

pancy not later than the 29th day of April, 1847, and I am to have twenty days for its completion after the brick walls are up.   In case it shall not be finished by or before the said 29th of April, 1847, by reason of neglecting or failing to accomplish my portion of the work in and about the building, as I have agreed to do, as above, I agree to forfeit, as damages, two dollars per day, for each and every day after the said 29th day of April, until my portion of the work shall be finished; and I hereby authorize Dorr, or his agent, to retain out of the money I am to receive under this agreement, the said forfeiture of two dollars per day, as damages.   For the faithful execution of the above work, and for the materials to be furnished by me, it is understood I am to receive from 'said Dorr, or his agent, $230 in cash, as I may require the same, for the purchase of materials; and, also, when my work shall be completed, I am to receive from said Dorr, or his agent, one share of the stock of the Galveston city company, which I hereby agree to take in part payment of what may be due to me under this agreement, at a valuation of fifty per cent. if par, namely $500.

The said Dorr, on his part, agreed as follows: " I, the above named F. F. Dorr, agree to pay to the above named Charles Stewart, in cash, the above named sum of $230, as fast as he may require the same, for the purchase of materials for said building; and I further agree to convey, at the time specified above, to the said Charles Stewart, at a valuation of $500, one share of the stock of the Galveston city company — making in the above items of property, a total of seven hundred and thirty dollars, being for materials to be furnished by, and work to be done by, said Stewart in erecting said building, as described in the foregoing agreement of said Stewart."

The defendant demurred to the plaintiff's petition; pleaded the general issue; charged the breach of the contract to have been on the part of the plaintiff, and claimed damages therefor, etc.   The demurrer was overruled, and verdict and judgment rendered for the plaintiff for $420 damages.

A motion for a new trial was then made by the defendant, on

the ground that the verdict was contrary to law and the evidence, and because certain instructions had been improperly given, and others refused, by the court. This motion was refused, and the defendant appealed.

From the statement of facts contained in the record, it appears that Dorr advanced to Stewart $230 to purchase materials; that Nichols failed to procure bricks in time; that, at Stewart's request, written instructions were given to him (Stewart) by the agent of Dorr, to suspend the wood work until further orders, to which Stewart consented; that sometime afterwards Nichols procured the bricks, and was ready to proceed with the work, and requested Stewart to commence his part of the work, by laying down the timbers mentioned in the contract, which was necessary to be done before the brick work could go on; that Stewart refused to proceed, etc. The charge of the judge will be found in the opinion of the court.

WEBB and DUVAL for appellant.

ALLEN and GILLESPIE for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

In this case suit was brought by the appellee against the appellant to recover damages for a breach of covenant. It was for carpenter's work, to be done and performed by Stewart on a brick building about to be erected for the appellant in the city of Galveston. There was a verdict and judgment for the plaintiff in the court below, from which the appellant took an appeal to this court. There has been sent up to this court a great mass of testimony embodied in the statement of facts; and the pertinency of much of it to the issue is not perceived. Leaving, however, a statement of the case to be presented by the reporters, we will proceed to the investigation of what we conceive to be material.

We believe that the correctness of the judgment of the court below rests almost exclusively on the charge of the judge to the jury, and the construction therein given to the covenant, for the breaches of which damages are claimed. The charge of

31

the judge we will insert here, but leave the covenants to which it refers to be recited by the reporters. It is as follows, i. e.:

1st. "That the covenants are dependent. That Mr. Stewart's contract to perform the carpenter's work was a covenant, or in the nature of a covenant, dependent upon that of Mr. Dorr contained in, or implied by, the instrument sued on; and if Stewart was prevented from performance by any act, neglect or obstruction on the part of Dorr, or those in his employ, to complete the masonry or brick work on the store, Stewart was entitled to recover the same amount of Dorr as he would have been if he had completed the carpenter's work according to the terms of his contract."

2d. "That when, by a sealed contract, work and labor are to be done by one party, and a price or sum of money is to be paid therefor by the other, upon a suit by the first party for the contract price, he is entitled to recover the same, if the jury believe he is ready and willing to have peformed the contract according to agreement, and was prevented by the other party, or those for whose acts such other party was responsible."

The charge of the judge is certainly correct in one respect: that the covenants between Stewart and Dorr are dependent. For, although different instruments, Dorr's covenant refers to and adopts the stipulations of Stewart's, and acknowledges himself a party thereto, although his own contains nothing specific but an agreement to make the payments according to the stipulations shown in the other. What was to be done by Stewart, and how done, to entitle him to those payments, must be ascertained by the instrument which he has executed himself and which seems to be set out in his petition. We shall only refer to such parts as may be deemed material, for the purpose of testing the correctness of the judge's charges on its construction, and the rights of the parties resulting from it. Then, as to the time when to be completed, and how to progress (for it will be seen that the claim is founded on a *cy pres* performance): "I am so to arrrange my work that it may not conflict with, or delay, the work of any other parties to be engaged in constructing the building. I am to do all

the work, in and about the store, that properly comes under the head of carpenter's work, and to furnish materials for the same at my own cost. And I further agree to perform the said work in and about the building as fast and as rapidly as may be required by Mr. Nichols, so that the mason's work may not be delayed, neither that of the tinsmith. And, further, I agree that all of my work shall progress, if not delayed by Mr. Nichols, so that the store shall be completed for occupancy not later than the 29th day of April, 1847; and I am to have twenty days for its completion after the brick walls are up. In case it shall not be finished by or before the said 29th day of April, 1847, by reason of neglecting or failing to accomplish my portion of the work in and about the building, as I have agreed to do as above, I agree to forfeit in damages two dollars per day, for each and every day after the said 29th day of April, until my portion of the work shall be finished; and I hereby authorize Dorr, or his agent, to retain, out of the money I am to receive under this agreement, the said forfeiture of two dollars per day as damages." It is to the portions of the covenant we have cited that we are to look to sustain the charge. It seems to have been predicated on the supposition that the obligation, on the part of Stewart, to perform his work by a given time, was absolute; and that if he had been prevented from a performance by obstacles interposed by Dorr, that, as to its effect on Stewart's obligation, it was to be considered, and was in law, a performance; and that Stewart, on being so prevented from going on with his work, had, at once, a right of action for the sum stipulated to be paid for the work. We cannot arrive at the same conclusion that the court below seems to have done. The law as stated by him, in the abstract, is correct; but in the construction of the covenant, we believe, in the hurry of a circuit court, he overlooked the fact that a time for the performance on the part of Stewart was contingent, and not dependent on any act to be done by himself. If not delayed by the progress of the other kind of work in the erection of the edifice, he was to accomplish his part in a given time, or subject himself to a penalty. If delayed, he was under no penalty, and could only have been required to pro-

ceed *in pari passu* with the other work, that, from its character, had to be performed before his could be done. In no part does Dorr covenant that the other work shall so progress that Stewart shall be able to do his by the stipulated period. Had he been under such obligation, the charge of the court would have been correct. There were so many things to be done, however, before Stewart could do his work, that no reasonable or prudent man would have assumed such responsibility. The brick had to be delivered, the mason's work and the tinsmith's had to be done, before Stewart could complete his work. The effect of Stewart's undertaking was nothing more than, if the other parts of the work were not progressing so as to enable Stewart to accomplish his within the time, to only relieve him from the penalty; and did not, of itself, amount to such a refusal to permit him to proceed as would discharge him, and authorize a recovery, as though the work had been finished.

If Stewart had been discharged, and not permitted to proceed with his work, when the other work was in readiness for him, he could have sued for the price agreed to be paid; but the letter from Butler could not, under the contract, be construed as amounting to a discharge. It was calculated to furnish more durable evidence in favor of Stewart, of the particular fact that would relieve him from forfeiture, for not having the house ready to be occupied by the time agreed upon by the contract; and Butler, as the agent, had it in his power to give that evidence. This, however, only amounted, as it purports, to a request to suspend his work. The charge, as we before remarked, in the abstract was correct; but when applied to the contract, it misled the jury as to the obligations of that contract. When the judge charged the jury on the law of covenants, he ought to have given the legal construction of the covenants to which he referred. Had Mr. Stewart, by his covenant, promised absolutely to do the work by a given time, without any reservation in favor of Dorr for the contingency of the balance of the work not being ready for the carpenter's work, and had been stopped and prevented from doing it within the time, his contract could not have required him to do it after the expiration of the term; but his being ready and

willing would amount to performance. The contract under consideration carefully holds out the probability of such contingencies as may prevent its completion within the time agreed on; and it was only in the event of all the parts of the work going on so as not to delay him that a day of performance was fixed. If he could be permitted to say, under this contract, at any time when the mason's work was not ready, " I am now ready, and you are not ready for me; I have, as far as depended on me, complied with my contract, and I hold you bound for the whole amount," there was nothing to prevent him doing so in one hour after the execution of his contract. This was not the spirit, nor the legal construction, of the contract between the parties. Delays were foreseen; and Stewart was bound to progress with his work unless delayed by Nichols, the bricklayer. The provision for a penalty, if not finished within a given time, which penalty was not to be incurred if hindered by Nichols, would lead to no other conclusion than that, in the event of being so delayed, it was to be accomplished afterwards.

There does not appear any reason why the general demurrer was not sustained. The petition, taken with all its exhibits that were made parts thereof, does not show a cause of action. The plaintiff possibly could amend, and show grounds of action. The judgment will, therefore, be reversed and remanded.

Mr. Justice WHEELER:

As this case will be remanded for further proceedings, I deem it proper to state briefly the grounds of my concurrence in the judgment of the court. And,

1. I am of opinion that the petition is sufficient in law to enable the plaintiff to maintain his action; and that the demurrer was rightly overruled by the court. This, indeed, is not now controverted or questioned by counsel on behalf of the appellant.

2. The court, as I think, erred in the instructions given to the jury respecting the measure of damages.

The court, in effect, ruled, as well by the refusal of the instructions asked by the defendant as in those given at the instance of the plaintiff, that the measure of damages in this case was not a just compensation for the injury actually sustained by the plaintiff; but the whole amount agreed to be paid to him upon the actual performance of his part of the agreement.

The very reverse of this I conceive to be the law.

In the case of Champlin *vs.* Rowley [18 Wend. 187], which was an action upon a contract to transport horses upon a canal boat for a given sum of money, the plaintiffs averred a readiness and offer to perform on their part, and a neglect and refusal on the part of the defendants to furnish the freight, and claimed to recover the entire sum specified in the agreement. But the supreme court of New York held that they were only entitled to recover what they had actually lost by the defendants' non-performance. The court say: " Suppose the plaintiffs had, the next hour, been furnished with freight entirely adequate to the voyage at the same sum, they then would have been entitled to the damage arising from detention for that time, but no more. A tender and offer to perform is equivalent to performance, but merely for the purpose of sustaining an action; it is not performance, though, in one respect, it resembles it consequentially. It is *quasi performance,* but it does not regulate the amount of damages."

In Shannon *vs.* Comstock [21 Wend. 457], it was held that in an action for damages for the non-performance of a contract, other than for the conveyance of land, the rule of damages is the injury to the party who has shown himself ready and willing to perform the undertaking on his part.

In a later case, Masterton *vs.* The Mayor of Brooklyn [7 Hill, 62], a case in which a very large amount was involved in the controversy, the doctrine of the former cases does not appear to have been questioned; and in laying down the rule of damages in that case, the same doctrine was substantially re-asserted and affirmed. And in a still later case, that of Clark *vs.* Marsylia [1 Denio, 317], where the defendant had employed the plaintiff

to do certain mechanical work at a price agreed upon, and had countermanded the direction and forbidden the further execution of the work, after it had been commenced, the same learned court held that the measure of damages was not the whole amount agreed to be paid, but a just recompense for such injury as the plaintiff had sustained on account of the breach of the agreement.

This brief reference will, I think, suffice to show that the court erred in the instructions given to the jury; and it is for this cause that, in my opinion, the judgment ought to be reversed, and the cause remanded for a new trial.