ECHOLS v. MILLER et al.    (No. 1559.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 14, 1920.)

1. VENDOR AND PURCHASER &#9096;303—RECOVERY ON BREACH OF CONTRACT CONDITIONED ON OFFER TO PERFORM.

In order for vendor to recover on a breach of a contract to purchase land, he must show that he performed, or offered to perform, the obligations imposed by the contract upon him, provided such obligations were not independent, or some other valid reason for the failure of the plaintiff to perform, or offer to perform.

2. CONTRACTS &#9096;173—STIPULATIONS PRESUMED DEPENDENT.

The presumption is that all stipulations in a contract are dependent.

3. CONTRACTS &#9096;173 — OBLIGATION TO BE SUBSEQUENTLY PERFORMED INDEPENDENT.

An obligation of a contract may be held to be independent if a time is fixed in the contract for its performance which is subsequent to the time fixed for the performance of the contract by the other party.

4. VENDOR AND PURCHASER &#9096;134(1)—OFFER TO DELIVER DEED NOT OFFER OF PERFORMANCE WHERE TAXES UNPAID.

Under a contract for the sale of land, where the vendor agreed to pay the taxes for the year 1917, vendor did not offer performance by tendering deed without offering to pay the amount of the taxes for 1917, where the taxes were due at the time of the execution of the contract and tender of deed, but would not become delinquent until thereafter; the mere fact that the taxes would not become delinquent and penalty added until after January 1, 1918, under Rev. St. 1911, arts. 7615, 7624, not being sufficient to rebut presumption that provision for payment of taxes was a dependent obligation.

5. VENDOR AND PURCHASER &#9096;144(1)—RESERVATION OF RIGHT BY VENDEE TO PERFECT TITLE DID NOT REQUIRE PAYMENT OF TAXES AGREED TO BE PAID BY VENDOR.

A reservation in a contract of sale of land of the right to the vendee to perfect the title at the vendor's expense conferred a privilege, and did not impose a duty on the vendee, and the vendee had the right to refuse a tender of the deed, where taxes for the year were not paid by the vendor, as agreed.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Action by R. E. Echols against Robert Miller and another. From an adverse judgment, plaintiff appeals. Affirmed.

A. P. McKinnon and Kenneth Bain, both of Floydada, for appellant.

B. B. Greenwood, of Breckenridge, for appellees.

BOYCE, J. On October 8, 1917, appellant, R. E. Echols, entered into a contract with the appellee Robert Miller, by the terms of which the said Echols agreed to sell to the said Miller certain land in Hale county. The contract provided that the vendee should pay for said land the sum of $8,000; that of this amount $500 was deposited with the First State Bank of Floydada, as earnest money, to bind the trade and to constitute part of the cash payment upon delivery of deed; that a further payment of $1,500 was to be made at the time of the delivery of the deed and that the balance of the consideration should be paid by the assumption of certain notes outstanding against the land, and the execution and delivery by the said Miller of certain other notes provided for in the contract. These provisions of the contract are followed by this clause:

"It is further expressly agreed that the first party [Echols] shall, within fifteen days from this date furnish complete abstract, showing good merchantable title to said land, and execute or cause to be executed, good title to second party [Miller]; and second party shall, within ten days after such abstract is furnished, pay the balance of said cash payment and execute said notes, and if he shall fail or refuse so to do, then said earnest money is forfeited to first party as liquidated damages, but if said title should not be good and merchantable, then said earnest money is to be returned to second party by said First State Bank. Second party, however, reserves the right to perfect the title at first party's expense. All taxes due up to and including the year 1917 to be paid by R. E. Echols."

The abstract for title was furnished within due time. This showed that the taxes for 1917 were not paid, but otherwise exhibited a good and merchantable title in favor of Echols. The attorneys employed by the vendee to examine the title, in their report thereon,

called attention to the fact that the said abstract showed that such taxes were not paid, and to another matter, either of which they asserted rendered the title unmerchantable. We need not go into the details of the other objection, since the court below properly held, we think, that such objection was untenable. The appellant thereafter, without payment of said taxes for 1917, tendered to the appellee a warranty deed for the land, which the appellee refused to accept. The appellant then filed this suit against the said Miller and the First State Bank, to recover the said $500 on deposit with the said bank, claiming that he was entitled to said sum under the provisions of the said contract above quoted. The First State Bank answered that it held said funds in readiness to pay the same to either of the parties as might be entitled thereto under the judgment of the court. The defendant Miller answered that the plaintiff was not entitled to recover because the plaintiff had not tendered such title as he had agreed to do, but the same was defective in the two particulars pointed out in the opinion of his attorneys already referred to. The trial was had before the court without a jury, and the court, after finding the facts substantially as we have stated them, concluded as a matter of law that the plaintiff was not entitled to recover, and the appellant is appealing from this judgment.

[1-4] It was necessary for the appellant, in order to recover on a breach of the contract by appellee, to show that he had performed, or offered to perform, the obligations imposed by this contract upon him, provided, of course, that these obligations were not independent, or some other valid reason for the failure of the plaintiff to perform, or offer to perform, them stated. Bowles v. Umberson, 101 S. W. 842; R. C. L. vol. 6, p. 948. The presumption is that all stipulations in a contract are dependent. R. C. L. vol. 6, pp. 860, 861; C. J. vol. 13, pp. 567–571; Clark on Contracts, p. 450. An obligation may be held to be independent if a time is fixed in the contract for its performance, which is subsequent to the time fixed for the performance of the contract by the other party. No specific time is fixed by the terms of this contract for the payment of the taxes for 1917. Said taxes were, however, due at the time of the execution of the contract and tender of deed, though they would not have become delinquent until January 31, 1918. R. S. arts. 7615, 7624. They constituted a lien on the land, and to that extent a valid objection to the title. Wright v. Bott, 163 S. W. 360, § 13. We do not think that the mere fact that the taxes would not become delinquent and penalty added until after January 31st is sufficient, under the circumstances, to rebut the presumption that the provision for payment of taxes is a dependent obligation. We think the contract contemplated that the lien created by reason of the unpaid taxes due on this land should be removed at or prior to the time of the consummation of the contract by delivery of the deed on the part of the vendor and payment of the balance of the consideration by the vendee, rather than that the vendee should accept the incumbered title with no security for the performance of the vendor's promise to pay the taxes, and thus remove the incumbrance other than the mere promise on the part of the vendor to pay such taxes. The promise is therefore not independent, and it was necessary for the plaintiff, before he could put the defendant in default, to show that he had performed, or was ready to perform, this obligation.

[5] The appellant also insists that, under the provisions of the contract which reserved the right to the appellee to perfect the title at appellant's expense, the appellee could have paid such taxes and withheld the amount out of the cash payment, and, having such right, he "ought not to be allowed to refuse to consummate the deal on the ground that the taxes were not paid." This provision of the contract conferred a privilege, and did not, in our opinion, impose a duty on the appellee, and the appellant cannot complain that the appellee did not exercise a privilege where the contract imposed the duty upon the appellant.

Under the findings of fact, we think the trial court announced the correct conclusion of law, and the judgment will be affirmed.