**REITZER v. MEDLAKE DEVELOPMENT CO. et al.**

**No. 2424.**

Court of Civil Appeals of Texas. El Paso.

April 17, 1930.

V. H. Blocker and DeMontel & Fly, all of Hondo, for appellant.

M. L. Roark, of San Antonio, for appellees.

HIGGINS, J.

On April 7, 1926, appellant Reitzer conveyed to the Medlake Development Company, appellee, a tract of land containing about 700 acres, in part payment for which the company executed its note for $19,900, payable six years after its date, bearing interest at the rate of 6 per cent. per annum, payable annually. The note contained the usual accelerating maturity clause in case default was made in the payment of any interest installment. To secure the payment of the note a vendor's lien was retained in the deed. The note and deed contained a stipulation for the release of the lien as to any acre or more upon payment of $75 per acre for each acre released, which, by subsequent agreement, was changed to $150 per acre.

About 50 acres of the land fronting on Medina Lake were by the company surveyed, mapped, and platted into lots, blocks, streets, and alleys. This part was designated as Williams Park subdivision No. 1.

Default was made in the payment of the interest due April 7, 1929. Reitzer later declared the note due and filed this suit to recover thereon and to foreclose the vendor's lien upon all the land conveyed except certain lots and acreage sold by the company and upon which plaintiff had released such lien under the agreement aforesaid.

We quote from the trial court's findings as follows:

"7. I find that the installment of interest accruing on April 7, 1929, has not been paid, and is now past due.

"8. I find that April 7, 1929, was on Sunday and that on said day W. L. Williams, who is the president of Medlake Development Co., called at the home of plaintiff but failed to find plaintiff.

"9. I find that said W. L. Williams met plaintiff on April 8, 1929, by appointment, and discussed with him the matter of paying the installment of interest then due, and that plaintiff extended the time for paying said installment of interest to the 12th day of April, 1929, at noon, and declared to said Williams that if the interest was not paid by that time the note would be declared matured and foreclosure proceedings would be instituted.

"10. I find that on said 8th day of April, 1929, and while the contract between the parties was in full force and effect, the said W. L. Williams, acting for the Medlake Development Company, tendered to plaintiff and offered to pay him the sum of $600.00 as full payment for the release of the following lots

in 'said Williams Park Subdivision No. 1, to-wit: Lots 8 and 9, Block 12; Lots 10, 11, 13, 17 and 18, Block 14; Lots 1 and 2, Block 19; Lots 14, 15, 16, 17, 21, 22 and 23, Block 8; Lots 1, 2, 3, 5 and 6, Block 18; Lot 5, Block 12; Lot 5, Block 10; Lots 9, 10, 11, 12, and 13, Block 5; Lot 11, Block 13; and Lot 1, Block 14. That said lots contain an aggregate area of not more than 4 acres, to-wit: 3 and 9/10 acres, and that the sum of $600.00 was more than the amount stipulated for a release of acreage in the contract between the parties, and I further find that said contract and agreement stipulates that plaintiff will release such lots and parcels as the Medlake Development Co. may designate on payment at the rate of $150.00 per acre.

"11. I find that the plaintiff refused to accept said $600.00 and refused to execute releases and demanded that the accrued interest be first paid, and that this was his only reason for refusing to execute releases.

"12. I find that the Medlake Development Co. was then and has been at all times since said April 8, 1929, ready, willing and able to pay said sum of $600.00 and has at all times demanded of plaintiff a release of the vendor's lien on the lots above described; and I further find that Medlake Development Co. has deposited said sum in the registry of this court and still insists on such release.

"13. I find that the interest on said note was not paid by noon on April 12, 1929, and that plaintiff at said time elected to declare the entire note matured and the vendor's lien subject to foreclosure proceedings."

According to Williams' own testimony, he was unable to pay the interest due on April 8th, but he nevertheless demanded of Reitzer the releases upon payment of the $600 then tendered.

Judgment was rendered in favor of Reitzer for the amount due upon the notes. The $600 deposited in the registry of the court was ordered paid to him; the vendor's lien was foreclosed upon all of the land except as to that portion upon which Reitzer had given releases to the purchasers, and except as to the lots described in the tenth finding and the streets and alleys shown upon above mentioned map.

Reitzer appeals, complaining of the denial of foreclosure upon such streets and alleys and lots mentioned in the tenth finding.

■ April 7, 1929, was Sunday, so the annual installment of interest was payable on the 8th. On the 8th the company had promised and was liable to pay such installment. It did not do so and was unable to do so. Notwithstanding this default in its promise, it demanded of appellant that he release his lien as to certain lots upon payment of $150 per acre according to his promise. We regard these promises as dependent. Kelly v. Webb, 27 Tex. 368; note in 43 L. R. A. 468.

■■ In such cases "a party who seeks performance must show performance or a tender or readiness to perform on his part. * * * In case of doubt covenants will generally be construed as dependent rather than as independent, since such a construction ordinarily prevents one party from having the benefit of the contract without performance of his own obligations." 13 C. J. title Contracts, § 538.

In 6 R. C. L. § 325, it is said: "As a general rule, it is indisputably settled that where one party is unable to perform his part of the contract, he cannot be entitled to the performance of the contract by the other party. Moreover, a party positively refusing to perform his contract cannot sue the other for non-performance, whether the promises are independent or not, if one is the consideration for the other, and the contract is wholly executory."

In 2 Williston on Contracts, § 875, it is said: "The same principle of justice which forbids the enforcement of a promise when the counter promise has been broken, also forbids enforcement when it is evident that the counter promise will be broken. * * * Any conduct of a party to a contract whether such conduct is directly connected or not with the contract in question, that shows that he does not intend to abide by the terms of the contract in a material particular, will excuse the other party from his obligation to perform."

■ Under the doctrine announced by the authorities cited, appellant was justified in refusing to execute and deliver the releases demanded, and the court erred in denying foreclosure as to the lots described in the tenth finding.

It may be true, as suggested by appellee, it had until midnight of the 8th in which to pay the interest (Young v. Van Benthuysen, 30 Tex. 763), but that does not alter the fact that when it demanded the releases it was its duty to then pay the interest and was unable to do so.

■ On July 14, 1926, appellant executed a release which provides:

"Whereas, the said Medlake Development Company has platted a portion of the land hereinabove mentioned, approximately fifty (50) acres, into lots and blocks according to plat filed in the office of the County Clerk of Medina County, Texas, dated July 12, 1926, said fifty (50) acre subdivision being known and designated as Williams Park Subdivision No. 1.

"Now therefore, know all men by these presents, that I, Albert Reitzer, being the present legal owner and holder of said hereinabove described note for $19,900.00, for and in consideration of $1.00 and other valuable considerations to be moving and hereby acknowledged, do hereby release and discharge from the vendor's lien securing the payment

of said $19,900.00 note, all streets and alleys shown on said plat of Williams Park Subdivision No. 1 hereinabove referred to, and do declare said streets and alleys free and clear of all liens in so far as said $19,900.00 note is concerned, said streets and alleys having been dedicated by the said Medlake Development Company for the use and benefit of the Public."

In view of this release the court clearly was correct in denying foreclosure against the streets and alleys. City of Fort Worth v. Cetti, 38 Tex. Civ. App. 117, 85 S. W. 826.

The judgment is reversed and here rendered correcting the judgment of the court below so as to award foreclosure against the lots indicated, and the $600 deposited in the registry of the court will be ordered returned to the company instead of being paid to appellant.

Reversed and rendered.