## JESSEN v. LE VAN.

### No. 4144.

Court of Civil Appeals of Texas. El Paso.
Jan. 15, 1942.

Rehearing Denied Jan. 29, 1942.

Joseph G. Bennis, of El Paso, for appellant.

McBroom & Clayton, of El Paso, for appellee.

WALTHALL, Justice.

This is an appeal from a judgment of the District Court, Sixty-fifth Judicial District, El Paso County, in a trial before the court without a jury. Plaintiff, Arthur LeVan individually, and as agent for the unnamed bondholders of Sierra Blanca Water Works, Inc., recovered a judgment against W. Jessen, defendant, in the sum of $903.-88.

The parties to this appeal will, for convenience, be hereafter referred to by their last names. There will be occasion for reference to Sierra Blanca Water Works, Inc., and the Hudspeth County Fresh Water Supply District No. 1. The first of said corporations will be designated as lessor, and the latter as lessee.

On motion of defendant Jessen the court made up and filed findings of fact and conclusions of law.

The cause of action asserted by LeVan was founded on the alleged breach of a written contract, a copy of which was attached to his petition. In substance, the contract was that Jessen was to have an option to purchase all of the outstanding bonds of the lessor for $8,000. These bonds were in the denomination of $500

each, and aggregated $64,000; same were unregistered bonds, payable to bearer. Sixty-one thousand, five hundred dollars of these bonds were in possession of LeVan at the time of making the contract, and were then, in accordance with the contract, deposited with the State National Bank, as escrow agent. As to the five bonds in the sum of $500 each, it was provided that same should be deposited by LeVan with the State National Bank and be subject to the contract. On the payment of $8,000 by Jessen said $64,000 of bonds were to be delivered by said bank to Jessen. This option was to continue while a certain contract between lessee and Jessen remained in effect. By the terms of the contract between lessee and Jessen, Jessen was to have the right to sell and distribute water from the plant situated on the lands of lessor until a certain obligation due from lessee to Jessen was liquidated. In such contract Jessen agreed he would pay ten cents royalty to lessor on each one thousand gallons of water sold by him. This was the rent reserved in the lease between lessor and lessee. For this option Jessen paid $150 cash, and promised to pay $350 additional when the five bonds not then in possession of LeVan were deposited with the escrow agent; further, he agreed to pay to the escrow agent a royalty of ten cents per thousand gallons on all water sold by him from the plant on the land of the lessor. It was recited, further, that this obligation to pay said royalty was not cumulative of Jessen's obligation under his contract with lessee to pay to lessor said royalty, but was in lieu thereof.

Under the findings and undisputed evidence, LeVan has never placed the five bonds of $500 each in the possession of the escrow agent; further, that he is unable to do so; Jessen has never paid him the $350 stipulated for in the contract sued upon; Jessen has paid to LeVan the sum of $24 on the royalty agreement.

Among the findings of fact of the trial court are the following:

"5. That W. Jessen has never demanded delivery of the bonds, or any part thereof, or tendered the purchase price agreed upon for the same, and has not shown that the bonds have any market value or intrinsic value.

"6. That W. Jessen's agreement to pay for the water was in consideration of the option granted him, and the option called for was given to him.

\* \* \* \* \*

"9. \* \* \* that the plaintiff, Arthur LeVan, is not the authorized agent of the holders of bonds numbered 14, 15, 16, 61 and 62, of the series dated December 1, 1930, and said Arthur LeVan is not shown herein to be possessed of authority to sue on behalf of the owners of said bonds."

It is elementary, we think, that to recover for the breach of a written contract evidencing concurrent and mutual obligations, that plaintiff must aver compliance on his part. Further, that in order to recover thereon proof must be adduced of the plaintiff's compliance with his obligation under the contract. 10 Tex.Jur., p. 499, § 290.

Under the contract, as we construe it, the obligation of LeVan was to place the said five missing bonds with the escrow agent. This he failed to aver that he had done, and failed to aver any excuse for his failure so to do. The contract LeVan is seeking to enforce provided that the payment of the royalty should be in lieu of the obligation of Jessen to the lessee to pay same to the lessor. LeVan's petition averred that the obligation of Jessen to pay this royalty to the lessor was made for the use and benefit of the bondholders. There is, we believe, no evidence of this allegation in the record—at least none has been pointed out in the briefs. Were this true, Jessen, having the right to acquire the bonds, might with safety make the payments to the bank, if all were placed there. Short of this, he could not safely make payment to the escrow agent.

The trial court found the option called for by the contract was given. The evidence was that, from the giving of the option to this date, LeVan did not and could not deposit the five bonds with the escrow agent. The burden was upon LeVan to show his compliance with the contract. It was not upon Jessen to show that a compliance therewith would have benefited him.

In his great work on contracts, Professor Williston states, "The same principle of justice which forbids the enforcement of a promise when the counter promise has been broken, also forbids enforcement when it is evident that the counter promise will be broken. Prospective failure of consideration is as good an excuse as actual failure."

Williston on Contracts, Vol. II, § 875. Here, there is no question of LeVan's failure to comply with his obligation to deposit the five bonds subject to the escrow; there is no question that at all times he has been unable to do so; there is no question but that, while at all times under the contract sued on Jessen had the right to have the bonds deposited with the escrow agent, he was denied that right.

There is a subsisting distinction we think between one relying on a breach of contract as a defense, and one seeking reparation for a breach of a contract by another. Plaintiff must show his compliance with the contract. Defendant may rely on the plaintiff's breach as discharging him without showing performance on his part, or tendering performance. In this situation defendant simply relies on the breach by plaintiff as a discharge of his further obligation on the contract. Kelsey v. Crowther, 162 U.S. 404, 16 S.Ct. 808, 40 L.Ed. 1017; Kentucky Distilleries, etc., Co. v. Warwick Co., 6 Cir., 109 F. 280.

Jessen here seeks to recover by cross action the cash payment of $150 made to secure the option. The judgment denied him the relief.

The principle just announced, we think, denies Jessen recovery on his cross action in so far as recovery is sought on the contract. Insofar as same is founded on the fraud of LeVan's agent, there is no finding of fraud. Jessen does not assign error on the court's failure to find thereon. It is presumed that the court found against Jessen on the issue of fraud.

As applicable to the case of LeVan, we have this further idea: LeVan is seeking to enforce the contract. He has a right to do this, ignoring any breach thereof by Jessen, having performed on his part. He did not perform the covenants binding on him, and hence he cannot recover on the contract.

It is ordered that that portion of the judgment denying defendant recovery on his cross action be affirmed; that the portion adjudging recovery in favor of LeVan be reversed and here rendered in favor of Jessen.

This judgment is to be without prejudice to the rights of the bondholders to seek to apply the royalty payments provided in the contract between Jessen and the lessee to the payment of the bonds.