C. E. JACOBS COMPANY, Appellant,

v.

LAMAR H. MOORE DRILLING COMPANY, Inc., Appellee.

No. 4545.

Court of Civil Appeals of Texas, Eastland.

June 16, 1972.

Rehearing Denied July 14, 1972.

**14**

McMahon, Smart, Sprain, Wilson, Camp & Lee, Stephen H. Suttle, Abilene, for appellant.

Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Lamar H. Moore Drilling Company, Inc., a drilling contractor, sued C. E. Jacobs Company, an oil operator, in Throckmorton County, for breach of a drilling contract and alternatively in quantum meruit. Moore alleged that Jacobs breached the written contract when Jacobs refused to assume the risk of loss or damage to the hole and to Moore's "in-hole" equipment following an explosion and fire at the well site in Throckmorton County. Moore contends that such breach by Jacobs relieved it of any further obligations under the contract and sought damages for labor performed and materials furnished before the alleged breach. Jacobs, a private corporation, filed a plea of privilege seeking to have the case transferred to Shackelford County, its place of residence. Moore alleged that venue was proper in Throckmorton County under Subdivision 23, of Article 1995, Vernon's Ann.Tex.Civ.St. The trial court overruled Jacobs' plea of privilege and Jacobs has appealed. We reverse and render.

Appellant, Jacobs, contends that under the terms and provisions of the contract it was not obligated to assume the risk of loss or damage to the well and in-hole equipment, and that, appellee, Moore, failed to prove a cause of action against appellant.

Appellee had the burden to plead and prove by a preponderance of the evidence a cause of action against appellant. Article 1995, Subdivision 23, V.A.T.S.; Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.,· 389 S.W.2d 694 (Tex.Civ.App.-Tyler 1965, no writ); Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc., 390 S.W.2d 346 (Tex.Civ.App.-Eastland 1965, writ dism.); Vick v. Pierson, 463 S.W.2d 484 (Tex.Civ. App.-Ft. Worth 1971, no writ).

The contract provided that appellee would drill the well to a depth of 5,100 feet. The fire occurred at 2,965 feet. Following the fire the hole caved in at 1,200 feet and was then plugged by appellee. The risk of loss or damage to in-hole equipment was clearly expressed in Section 13 of the contract. If work was being performed on a footage basis the appellee, Moore, would be liable. If work was being performed on a day work basis appellant, Jacobs, agreed to reimburse appellee for such loss or damage. It is undisputed that drilling was being conducted on a footage basis up until the fire occurred. Appellee argues that the basis of compensation shifted from a footage basis to a day work basis because of the abnormal drilling clauses document.

The contract consisted of four printed pages with a second printed document entitled "EXHIBIT A, Bid Sheet And Well Specifications" expressly incorporated into and made a part of the written contract. The printed contract and bid sheet were properly executed. The document relied upon by appellee is not signed by either party. It consists of one page and is entitled:

"ABNORMAL DRILLING CLAUSES

(For possible use in Section 14)"

Appellee's drilling superintendent testified that he prepared the contract and sent it to Jacobs for execution. The abnormal drilling clauses document was included in the material sent. When Jacobs returned a signed copy of the contract the abnormal drilling clauses document was among the material returned.

The document contains three printed paragraphs which relate to various abnormal conditions that might be encountered while drilling. The paragraphs are unrelated and the provisions differ depending on the condition encountered. The first paragraph expresses certain duties and obligations in the event drilling is being conducted on a footage basis and "loss of circulation, abnormal pressures, salt water flow . . . or other condition be encountered which makes drilling abnormally difficult". Appellee contends that at a depth of 2,965 feet an abnormal pressure zone or other condition was encountered which caused the fire and that under the first paragraph of the abnormal drilling clauses document the basis of compensation shifted from a footage rate to a day work rate. The first paragraph does contain language which under certain circumstances would shift the basis of compensation. The second paragraph contains applicable language if "chert, schist, pyrite, quartzite, or granite be encountered" and the third paragraph discusses the duties and obligations "should partial loss of circulation occur and impede normal drilling progress". It should be noted that the document states that the clauses contained therein are for "possible use" in Section 14.

Neither Section 14 of the printed contract nor Section 14 of the bid sheet refer to the abnormal drilling clauses document. Section 14 of the printed contract states that appellee is an independent contractor and does not refer in any manner to abnormal drilling conditions. Section 14 of the bid sheet which was expressly incorporated into and made a part of the contract is entitled "Special Agreements". Certain special agreements are expressed therein. One of the printed paragraphs in this section expressly sets out the duties and obligations of the parties " . . . If loss

of circulation occurs while normal drilling operations are in progress on a footage rate basis." Part of the paragraph has been marked out and additional provisions typed in. The abnormal drilling clauses document which appellee argues constituted a part of the contract also refers to "loss of circulation" and contains duties and obligations different from those stated in Section 14. The record shows that the parties never discussed the abnormal drilling clauses document.

While discussing an extraneous document the Court in Delaney Company v. Murchison, 393 S.W.2d 705 (Tex.Civ.App.-Tyler 1965, no writ) said:

> " ' * * * For the terms of another document to be incorporated into the document executed by the parties, the reference must be clear and unequivocal, and must be called to the attention of the other party, he must consent thereto, * * *.' 17A C.J.S. Contracts § 299, page 136."

■ There is no evidence of assent or agreement by the parties to the terms and provisions of the abnormal drilling clauses. Without such assent, the abnormal drilling clauses created no contractual obligations. The Court in Smulcer v. Rogers, 256 S.W.2d 120 (Tex.Civ.App.-Ft. Worth 1953, writ ref., n. r. e.) stated the rule as follows:

> "To constitute a contract the minds of the parties must meet with respect to all the subject matter of the agreement, and as to all of its essential terms; and all of them must assent to the same thing in the same sense at the same time. Their assent must comprehend the whole proposition, and the agreement must comprise all the terms which they intend to introduce into it. There is no contract where the terms are not agreed upon."

■ The contract between appellee and appellant required that appellee drill an oil well to a depth of 5,100 feet. The evidence shows that the well was being drilled on a footage basis and the risk of loss of equipment was upon appellee and not appellant. Appellee did not complete its contract. Under such circumstances its prior breach without justification precludes its recovery and discharges appellant from any further obligation under the contract. 13 Tex.Jur.2d 568, Contracts, Sec. 311; Jessen v. Le Van, 161 S.W.2d 585 (Tex. Civ.App.-El Paso 1942, no writ); Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W.2d 1065 (Tex.Comm.App.1940).

Appellee also alleged a cause of action in quantum meruit. The principle is discussed in 13 Tex.Jur.2d 553, Contracts, Sec. 304, where it is stated:

> "The right to recover in quantum meruit for partial performance of a contract is independent of the force of the agreement itself. The right rests instead on an implied contract by the other party to pay for the benefits he has received, on the theory that it would be inequitable for him to refuse to pay for such benefits. Consequently, it is not essential for the party seeking to recover on quantum meruit to show facts justifying his failure to have performed the contract in full. Nevertheless, he must still show that the part performed by him was of benefit to the other party, or that it was accepted by the other."

■ There was no proof that the incompleted, caved-in hole which was plugged and abandoned by appellee afforded any benefit to appellant. This is not a typical "dry hole" situation. Appellant does not have the benefit of the knowledge that there is or is not oil at the depth sought to be explored. We do not think appellee proved a cause of action under its alternative theory in quantum meruit.

■ We do not think the case of Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814 (Tex.Sup.1970) relied upon by appellee is controlling. There the Court was concerned with whether there was any evidence of probative force to

support the jury finding that difficult or hazardous conditions had been encountered. It was uncontroverted that the contract contained an abnormal drilling clause. In the instant case we are of the opinion that appellee has failed to establish that the abnormal drilling clause relied upon was a part of the contract.

The judgment of the trial court is reversed and the cause is transferred to the District Court of Shackelford County.