John W. PRICE, Appellant,

v.

APPALACHIAN RESOURCES COMPANY, Appellee.

No. 707.

Court of Civil Appeals of Texas,
Tyler.

May 24, 1973.

Curtis, Hudson & Wilson, John W. Price, Dallas, for appellant.

Locke, Purnell, Boren, Laney & Neely, John D. Crawford, Dallas, for appellee.

MOORE, Justice.

This is a suit for a declaratory judgment. Appellant, John W. Price, instituted suit against appellee, Appalachian Resources Company, seeking a declaratory judgment construing a certain settlement agreement made and entered into by the parties settling a previous suit between them. Appellant also prayed for judgment for specific performance and damages for breach of the settlement contract. After a trial before the court, sitting without the aid of a jury, the trial court denied appellant any of the relief requested and this appeal resulted.

The record reveals that the previous suit was settled on August 5, 1971. At that time appellant, John W. Price, prepared for appellee's acceptance a written agreement containing numerous promises, some

of which were to be performed by appellee and some of which were to be performed by appellant. Appellee accepted and signed the instrument. The agreement provided, among other things, that (1) appellant would dismiss his suit against A. R. C. Industries, (2) appellant agreed that: "For a period of six (6) months from the date of this letter, I agree that you may issue 'stop transfer' orders to your transfer agent to prevent me, my personal representatives, heirs, legatees and assigns from acting contrary to the representations and warranties herein set forth, but at the end of such six month period, you will remove, upon my request, such 'stop transfer' orders. I agree to indemnify and hold you, and your transfer agent, harmless from any loss or adverse consequences, including reasonable attorney's fees, that you, or your transfer agent, may suffer by reason of your issuance of such 'stop transfer' orders, or any violation by me of the representations and warranties herein set forth," and (3) appellant further agreed that he would pay "the judgment rendered in Civil Action No. 70–11029, styled R. A. Graddy v. John W. Price and Edward Tomlinson, in which the defendant, Edward Tomlinson, was given and granted judgment over and against A. R. C. Industries * * *." In this connection the record shows the judgment referred to was in the amount of $3,000.00.

The agreement further recited that for and in consideration of the foregoing promises, appellee, Appalachian Resources Company, agreed to (1) dismiss its cross-action against John W. Price, and (2) instruct its transfer agent to remove the "stop transfer" legend on stock owned by Price upon his request at the expiration of six months.

The judgment in the case at bar denying appellant any of the relief requested contains the following findings of fact:

"The parties had performed all the requirements of said agreement on the date of trial hereof except Plaintiff had not paid the judgment against the parties to R. A. Graddy as set forth in said agreement, and the Defendant refused to transfer the capital stock of Plaintiff when requested to do so on February 9, 1972.

"Both parties continued to rely on the aforesaid agreement and to treat it as binding on the opposite party to the time of trial and in their arguments to the Court.

"The defendant was excused from its requirement to transfer the capital stock of the Plaintiff when requested to do so on February 9, 1972, and so long thereafter while Plaintiff failed to pay the judgment rendered in civil action No. 70–11029 styled R. A. Graddy vs. John W. Price and Edward Tomlinson."

Appellant contends that even though he defaulted in the payment of the judgment the trial court erred in holding that each of the covenants in the agreement were mutually dependent and in concluding that appellee was excused from performance so long as appellant refused to perform his covenant to pay the $3,000.00 judgment. He takes the position that when appellee refused to lift the "stop transfer" order, the contract terminated and he was excused from his obligations and therefore was entitled to the possession of his stock. In reply, appellee says that the covenants of each party were dependent and since appellant first breached the agreement by failing to pay the $3,000.00 judgment within the ten-day period, appellee was not obligated to perform its covenant to lift the "stop transfer" order.

We have reviewed the provisions of the settlement agreement and find no expression therein which would indicate that the parties intended that the covenants therein were to be treated as independent.

In the case of Acme Pest Control Co., Inc. v. Youngman, 216 S.W.2d 259

(Tex.Civ.App., Waco, 1948, n. w. h.), the court held as follows:

" * * * The presumption is that all stipulations in a contract are dependent and a promise will be so regarded in case of doubt. 10 T.J. 327, sec. 187; 17 C.J.S. Contracts § 344b, p. 798; Investors' Utility Corporation v. Challacombe, Tex.Civ.App., 39 S.W.2d 175; Reitzer v. Med-Telegraph Co., 95 Tex. 63, 69 S.W. 63. Lake Development Co., Tex.Civ. App., 27 S.W.2d 563; Rigsby v. Boone County State Bank, Tex.Civ.App., 241 S.W. 207. The plaintiff prepared the agreement and its construction should be most strongly against him. 17 C.J.S. Contracts § 324, p. 751; 10 T.J. p. 277; Phillips v. Western Union Telegraph Co., 95 Tex.Civ.App. 638, 69 S.W. 63. * * * "

In the case of Nutt v. Members Mutual Insurance Company, 474 S.W.2d 575 (Tex.Civ.App., Dallas, 1971, n. r. e.), the court explains the reason why such stipulations are construed to be dependent:

" * * * such a construction ordinarily prevents one party from having the benefit of his contract without performing his own obligation. Reitzer v. Medlake Development Co., 27 S.W.2d 563 (Tex.Civ.App., El Paso, 1930, no writ); Echols v. Miller, 218 S.W. 48 (Tex.Civ.App., Amarillo, 1920, no writ); * * * "

■ As we construe the agreement, we believe the trial court correctly concluded that the obligations of the parties were mutual and dependent. Under the terms of the agreement appellant promised to pay the $3,000.00 judgment in ten days. The agreement then recites that for and in consideration of the performance of the covenants by appellant, appellee promised to lift the "stop transfer" order at the expiration of six months. Appellant does not deny that he defaulted and first breached the contract by failing to pay the $3,000.00 judgment.

■ The general rule is that in order for a plaintiff to have a right of action to enforce performance of the terms of a written contract evidencing concurrent and mutual obligations, he must plead and prove his compliance with his obligations under the contract. 13 Tex.Jur.2d sec. 376, p. 654; Jessen v. Le Van, 161 S.W.2d 585 (Tex.Civ.App., El Paso, 1942, n. w. h.); Federal Sign Company of Texas v. Fort Worth Motors, 314 S.W.2d 878 (Tex.Civ. App., Fort Worth, 1958, n. w. h.). This he failed to do. Therefore, we are of the opinion that appellant's argument that appellee's refusal to further perform its obligations had the effect of discharging him of his obligations is untenable.

■ There is a subsisting distinction between one relying on a breach of contract as a defense, and one seeking reparation for a breach of contract. Where a plaintiff brings a suit to enforce a contract he must show a compliance with the contract. On the other hand, where a defendant is being sued for breach of contract he may rely on the plaintiff's breach as discharging him even though he has not performed or tendered performance. In the latter situation he simply relies on the breach by the plaintiff as discharging his further obligation on the contract. Jessen v. Le Van, supra. In the present case appellant maintains that even though he was in default appellee cannot urge this as a defense and was not relieved of its further obligation to perform the contract. We find no authority for this proposition and have been cited none.

Since the covenants of the agreement are clearly mutual and dependent, appellant's conduct in having first breached the contract had the effect of discharging appellee from performing its obligation to lift the "stop order" for transfer of the stock. Thus as we construe the terms of the con-

tract appellant cannot maintain a suit for specific performance or an action for damages for the alleged breach thereof. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.