Richard McFARLAND, Appellant,

v.

Harold W. BRIDGES and Robert G. Rockett, Appellees.

No. 08–01–00266–CV.

Court of Appeals of Texas, El Paso.

May 1, 2003.

Weldon McFarland, Tyler, for Appellant.

Charles Gray, Dallas, for Appellees.

Before Panel No. 5 McCLURE, CHEW, and WITTIG, JJ.

## OPINION

DON WITTIG, Senior Justice (Assigned).

This is an action to enforce a mediated settlement agreement. The original lawsuit was brought for securities violations in Dallas County Court at Law 4. The parties mediated a settlement. The present action on the settlement contract was tried to the court in County Court at Law 5, resulting in a personal judgment against appellant Rich McFarland[1] for $25,000 plus interest and attorney's fees. In three issues, he complains the trial court erred:

(1) in not applying the doctrine of *res judicata;* (2) finding an enforceable contract; and (3) rendering judgment against McFarland in his individual capacity. We affirm.

The parties to the original County Court 4 proceeding mediated their case with well known Dallas mediator Tom Pauken. The mediation resulted in a settlement agreement, signed by the defendants McFarland, Boomtown, LLC, and R.M. Interests, Inc. In the subsequent trial, appellant testified he signed the contract in his representative capacity. Appellant further disputed this was a final settlement because further mediation was necessary, apparently to enforce the agreement or obtain additional documentation. Appellees, Harold W. Bridges and Robert G. Rockett, contended that it was appellant's counsel that refused to cooperate in finalizing further settlement documents. No agreed judgment was signed, the mediated settlement was not filed with the court, and an order of dismissal with prejudice was signed in County Court 4. Thereafter, appellees sued on the settlement contract in County Court 5.[2]

Prior to trial, the judge first granted, then rescinded appellant's plea of *res judicata.* Because after trial, judgment was rendered against appellant, the trial court impliedly found against appellant on this issue. Although requested, no findings of fact or conclusions of law were filed. Neither did appellant file a notice of past due findings of fact and conclusions of law. *See* Tex.R. Civ. P. 297. Further factual recitation will be discussed *infra,* as required.

### I

The record does not contain findings of fact and conclusions of law. In a

---

1. The judgment included Boomtown, LLC as a liable defendant. Boomtown did not appeal.

2. The settlement contract is attached to this opinion as exhibit A.

nonjury trial, where findings of fact and conclusions of law are neither filed nor timely requested, it is implied that the trial court made all necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 84 (Tex.1992) (citing *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989)). When, as in this case, a reporter's record is brought forward, these implied findings may be challenged by factual or legal sufficiency points, the same as jury findings or a trial court's findings of fact. *Holt Atherton,* 835 S.W.2d at 84; *State v. One (1) Residence Located at 1204 North 12th Street, Alamo, Tex.,* 907 S.W.2d 644, 645 (Tex. App.-Corpus Christi 1995, no writ). If the evidence supports the implied findings, we must uphold the judgment of the trial court on any theory of law applicable to the case. *In re W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984); *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). When a party attacks the legal sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of his issue. *Dow Chemical Co. v. Francis,* 46 S.W.3d 237, 241–42 (Tex.2001). In reviewing a matter of law challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, then the reviewing court will examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* And the issue should be sustained only if the contrary proposition is conclusively established. *Id.*[3]

## II

Appellant first argues for the application of *res judicata.* It is true, as appellant contends, that the principal parties were the same in the earlier case that was dismissed. Appellant also refers us to Tex. Civ. Prac. & Rem.Code Ann. § 154.071(a) (Vernon 1997): "If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract." He argues there was no agreement "disposing of the dispute." However, the trial court impliedly found a contract, which is supported by the record; we will discuss this further in appellant's second issue *infra.* Appellant also asserts because the second action is the same dispute, issue preclusion forbids relitigation of the disposed issues. He cites *Jeanes v. Henderson,* 688 S.W.2d 100 (Tex.1985). If the defendant wins the original suit, the plaintiff is barred from bringing another action on claims actually litigated and also on claims that could have been litigated in the original cause of action. *Id.* at 103. *Res judicata* prevents a plaintiff from "splitting" his cause of action and subsequently asserting claims that could have been litigated in the first instance. *Id.* Appellant next argues *City of San Antonio v. Aguilar,* 696 S.W.2d 648, 653 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.). More aptly, this authority deals with "[t]he preclusion doctrine of stare decisis . . . ." *Id.* And, we accept as true other authority cited by appellant for the propositions that *res judicata* precludes relitigation of a common issue as well as all issues connected with a cause of action or defense which with diligence might have been tried in the prior suit. *See Puga v. Donna Fruit,* 634 S.W.2d 677, 679 (Tex. 1982); *Jeanes,* 688 S.W.2d at 103.[4]

---

**3.** We view appellant's issues as matter of law challenges. He does not articulate an attack on the factual sufficiency of the court's implied findings.

**4.** Many of appellant's cites are incorrect, in-

Appellant ignores however, TEX. CIV. PRAC. & REM.CODE ANN. § 154.071(b) which states: "The court in its discretion may incorporate the terms of the agreement in the court's final decree disposing of the case." This language is permissive. Thus, the statute suggests that the settlement terms may be enforced as contract rights regardless of whether they have been incorporated into the judgment. *Compania Financiara Libano, S.A. v. Simmons,* 53 S.W.3d 365, 367–68 (Tex. 2001). *Compania* also addresses appellant's *res judicata* argument. The doctrine of *res judicata* bars a party and their privies from bringing a second suit both on matters litigated and actions or defense arising out of the same subject matter which might have been litigated in the first suit. *Id.* However, an action for breach of the settlement agreement *could not have been brought in the prior suit* because appellant had not yet breached his settlement agreement. *Id.* at 367 (citing *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630 (Tex.1992) (quoting *Texas Water Rights Comm. v. Crow Iron Works,* 582 S.W.2d 768, 771–72 (Tex.1979) (emphasis omitted))). Appellant's first issue is overruled.

### III

Appellant argues his second and third issues together, that there was no enforceable contract and McFarland was not individually liable. Appellant cites a solitary case, *Price v. Appalachian Resources Co.,* 496 S.W.2d 136 (Tex.Civ.App.-Tyler 1973, no writ). In *Price,* the appellant did not deny that he defaulted and first breached the contract by failing to

pay the $3,000 judgment. *Id.* at 139. Thus, Price had no right to enforce performance because of his own lack of compliance. *Id.* On the one hand, appellant argues lack of consideration, and failure to perform conditions precedent while at the same time trying to persuade us there is no contract. With no citation to the record or to authority, appellant states its uncontroverted conditions precedent were not met. Such argument is waived. TEX. R.APP. P. 38.1(h); *Walton v. Phillips Petroleum Co.,* 65 S.W.3d 262, 276 (Tex.App.-El Paso 2001, pet. denied). And, appellant's failure of consideration sub-issue is unsupported by a verified denial. TEX.R. CIV. P. 93(9).

We do understand from appellant's brief, that he essentially argues there was no final contract. This is curious because the record before us shows a preprinted, standard form, mediated settlement agreement. In the contract, Rich McFarland promises to pay appellees the sum of $25,000. The parties release one another, represent and warrant they have authority to enter into the contract, and state they "entered the settlement" freely and without duress.[5] The contract was executed June 30, 1999 by appellees and appellant.[6] Thus, the parties met the elements of a contract. *See Abraxas Petroleum Corp. v. Hornburg,* 20 S.W.3d 741, 758 (Tex.App.-El Paso 2000, no pet.) (elements of a breach of contract claim are the existence of a valid contract; performance or tendered performance by the plaintiff; breach of the contract by the defendant; and damages to the plaintiff resulting from that breach). Appellant attempts to argue

---

cluding his cites to both *Puga* and *Jeanes.* Nor did appellee bring any corrections to our attention.

**5.** We note the use of the past tense "entered" as opposed to a future, executory promise.

**6.** Appellant's tertiary argument that an agreement cannot affect an outstanding court order is obviated by the fact the order of dismissal was signed August 9, 1999. How then could an agreement signed June 30, 1999 affect an outstanding court order?

that because there were further attempts to resolve post agreement disputes, that there was no agreement. Specifically, appellant avers he received no confidentiality agreement or assignment of interests from appellees. There is no "subject to" language in the settlement contract in this case. The assignment and confidentiality provisions neither suggest nor infer that the parties intended that the agreement was to be subject to any subsequent action by the parties, or that the signing of documents was to be a condition precedent to the formation of an enforceable contract. *See Hardman v. Dault,* 2 S.W.3d 378, 381 (Tex.App.-San Antonio 1999, no pet.). Because the settlement agreement contains all the essential terms, the contract should be enforced. *Id.; see also Stevens v. Snyder,* 874 S.W.2d 241, 244 (Tex.App.-Dallas 1994, writ denied) (contract law governs the settlement agreement; a party can enforce the agreement though the other party withdraws consent to the judgment). Appellant's second issue is overruled.

Finally, appellant avers the "purported contract did not bind him as an individual." While he does point to some testimony that McFarland signed in a representative capacity, the contract itself lists three defendant entities: McFarland, Boomtown, and R.M. Interests. McFarland was individually named for securities violations in the original action. Paragraph 2 of the settlement contract states that the plaintiffs shall receive $25,000 and the only entity named as the payor is Rich McFarland. Paragraph 10 notes "Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals. . . ." And finally, appellant failed to file a verified denial of his lack of capacity to be sued individually. TEX.R. CIV. P. 93(1). Under the record, appellant did not, and cannot establish he is entitled to judgment as a matter of law. See *Dow Chemical Co.,* 46 S.W.3d at 241–42. Appellant's final issue is overruled.

The judgment of the trial court is affirmed.

912

## EXHIBIT A

Case No. *98-09098-D*

*Harold Bridges and Bob Rockett*
**Plaintiffs**

§
§
§
§
§
§

In the *County* Court of *#4*

*Boomtown and Rich McFarland*
**Defendants**

*Dallas County*, Texas

### SETTLEMENT AGREEMENT

1. The parties hereto agree to settle all claims and controversies between them, asserted or assertable in this case except _____.

2. The consideration to be given for this settlement is as follows:
   ✓ (a) *Plaintiffs* shall receive the sum of *25,000* U.S. dollars, on or before *July 1, 2001*, which sum will be paid by the following parties in the amounts stated : *$10,000 paid by Rich McFarland by by Nov. 1, 1999 ($6000 to Rockett and $4000 to Bridges) $10,000 paid by Nov. 1, 2000, and* and/or *$5000 paid by July 1, 2001 in similar percentages ( 60% to Rockett, 40% to Bridge)*
   ___ (b) _____ shall execute a note payable to _____ on a State Bar of Texas approved form with the following terms:
   (i) _____ principal amount
   (ii) _____ % interest pre maturity and _____ % post maturity
   (iii) _____ note date; _____ maturity date
   (iv) _____ payment terms
   (v) secured by _____
   _____ which shall be evidenced by _____

3. The above styled and numbered case shall be resolved by: *are*
   ✗ (a) an agreed order of dismissal with prejudice with costs taxed to *Party bearing same*; or
   ___ (b) an agreed judgment providing as follows: _____

   ✓ (c) any agreed judgment shall be signed by the trial judge, but may not be abstracted or recorded or any collection effort made upon same so long as the following conditions are kept: *$10,000 paid to Plaintiffs by November 1, 2000, and $5000 paid by Plaintiffs by July 1, 2001*

000012

4. The parties agreed to release, discharge, and forever hold the other harmless from any and all claims, demands or suits, known or unknown, fixed or contingent, liquidated or unliquidated whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter of this case, except for the following _____

_____

_____

This mutual release runs to the benefit of all attorneys, agents, employees, officers, directors, shareholders and partners of the parties except _____

"Party as used in this release includes all named parties to this case, as well as _____, as all related entities of the parties except: _____.

5. Each signatory, hereto warrants and represents:

✓ (a) he or she has authority to bind the parties for whom that signatory acts.

✓ (b) the claims, suits, rights and/or interests which are the subject matter hereto are owned by the party asserting same; have not been assigned, transferred or sold and are free of encumbrance.

6. *Attorney for Plaintiff* shall deliver drafts of any further settlement documents to the other parties by *July 9, 1999*. The parties agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the terms and spirit of this agreement.

7. If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to attempt to resolve same by phone conference with the mediator who facilitated this settlement. If the parties cannot resolve their differences by phone conference, then each agrees to schedule one day of Mediation with the mediator within thirty (30) days to resolve the disputes and to share the costs of same equally. If a party refuses to mediate, then that party may not recover attorneys fees or costs in any litigation brought to construe or enforce this agreement. Otherwise, if mediation is unsuccessful, then the prevailing party or parties shall be entitled to recover reasonable attorneys fees and expenses, including the cost of the unsuccessfull mediation.

8. Other terms of this settlement are: *(1) Plaintiffs shall enter into a confidential agreement (2) Plaintiffs will assign their interest in this law suit and restitution claims against Matthews to Rick McFarland*

9. This agreement is made and performable in Dallas County, Texas and shall be construed in accordance with the laws of the State of Texas.

10. Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice. Each party hereto has been advised by the Mediator that the Mediator is not the attorney for any party and that each party should have this agreement reviewed by that party's attorney prior to executing same.

Signed this _30th_ day of _June_ , 19 _99_.

Plaintiffs

_____

Defendants

_____

Approved Attorney for Plaintiffs:

Other Parties

_____

_____

_____

_____

Approved Attorney for Defendants:

_____

_____

_____

_____

Approved Attorney for:

_____

Approved Attorney for:

_____

000014

WITTIG, J., sitting by assignment.