2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



RICHARD McFARLAND,


 Appellant,


v.


HAROLD W. BRIDGES and ROBERT G.
ROCKETT,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-01-00266-CV



Appeal from the


County Court at Law No. 5


of Dallas County, Texas 


(TC# 00-06007-E) 



O P I N I O N


 This is an action to enforce a mediated settlement agreement. The original lawsuit was
brought for securities violations in Dallas County Court at Law 4. The parties mediated a settlement. 
The present action on the settlement contract was tried to the court in County Court at Law 5,
resulting in a personal judgment against appellant Rich McFarland (1) for $25,000 plus interest and
attorney's fees. In three issues, he complains the trial court erred: (1) in not applying the doctrine
of res judicata; (2) finding an enforceable contract; and (3) rendering judgment against McFarland
in his individual capacity. We affirm.


 The parties to the original County Court 4 proceeding mediated their case with well known
Dallas mediator Tom Pauken. The mediation resulted in a settlement agreement, signed by the
defendants McFarland, Boomtown, LLC, and R. M. Interests, Inc. In the subsequent trial, appellant
testified he signed the contract in his representative capacity. Appellant further disputed this was
a final settlement because further mediation was necessary, apparently to enforce the agreement or
obtain additional documentation. Appellees, Harold W. Bridges and Robert G. Rockett, contended
that it was appellant's counsel that refused to cooperate in finalizing further settlement documents. 
No agreed judgment was signed, the mediated settlement was not filed with the court, and an order
of dismissal with prejudice was signed in County Court 4. Thereafter, appellees sued on the
settlement contract in County Court 5. (2)

 Prior to trial, the judge first granted, then rescinded appellant's plea of res judicata. Because
after trial, judgment was rendered against appellant, the trial court impliedly found against appellant
on this issue. Although requested, no findings of fact or conclusions of law were filed. Neither did
appellant file a notice of past due findings of fact and conclusions of law. See Tex. R. Civ. P. 297. 
Further factual recitation will be discussed infra, as required.

I

 The record does not contain findings of fact and conclusions of law. In a nonjury trial,
where findings of fact and conclusions of law are neither filed nor timely requested, it is implied that
the trial court made all necessary findings to support its judgment. Holt Atherton Indus., Inc. v.
Heine, 835 S.W.2d 80, 84 (Tex. 1992) (citing Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.
1989)). When, as in this case, a reporter's record is brought forward, these implied findings may be
challenged by factual or legal sufficiency points, the same as jury findings or a trial court's findings
of fact. Holt Atherton, 835 S.W.2d at 84; State v. One (1) Residence Located at 1204 North 12th
Street, Alamo, Tex., 907 S.W.2d 644, 645 (Tex. App.--Corpus Christi 1995, no writ). If the evidence
supports the implied findings, we must uphold the judgment of the trial court on any theory of law
applicable to the case. In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984); Lassiter v. Bliss, 559 S.W.2d
353, 358 (Tex. 1977). When a party attacks the legal sufficiency of an adverse finding on an issue
on which he has the burden of proof, he must demonstrate on appeal that the evidence establishes,
as a matter of law, all vital facts in support of his issue. Dow Chemical Co. v. Francis, 46 S.W.3d
237, 241-42 (Tex. 2001). In reviewing a matter of law challenge, the reviewing court must first
examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. 
Id. If there is no evidence to support the finding, then the reviewing court will examine the entire
record to determine if the contrary proposition is established as a matter of law. Id. And the issue
should be sustained only if the contrary proposition is conclusively established. Id. (3)

II

 Appellant first argues for the application of res judicata. It is true, as appellant contends, 
that the principal parties were the same in the earlier case that was dismissed. Appellant also refers
us to Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a) (Vernon 1997): "If the parties reach a
settlement and execute a written agreement disposing of the dispute, the agreement is enforceable
in the same manner as any other written contract." He argues there was no agreement "disposing
of the dispute." However, the trial court impliedly found a contract, which is supported by the
record; we will discuss this further in appellant's second issue infra. Appellant also asserts because
the second action is the same dispute, issue preclusion forbids relitigation of the disposed issues. 
He cites Jeanes v. Henderson, 688 S.W.2d 100 (Tex. 1985). If the defendant wins the original suit,
the plaintiff is barred from bringing another action on claims actually litigated and also on claims
that could have been litigated in the original cause of action. Id. at 103. Res judicata prevents a
plaintiff from "splitting" his cause of action and subsequently asserting claims that could have been
litigated in the first instance. Id. Appellant next argues City of San Antonio v. Aguilar, 696 S.W.2d
648, 653 (Tex. App.--San Antonio 1985, writ ref'd n.r.e.). More aptly, this authority deals with
"[t]he preclusion doctrine of stare decisis. . . ." Id. And, we accept as true other authority cited by
appellant for the propositions that res judicata precludes relitigation of a common issue as well as
all issues connected with a cause of action or defense which with diligence might have been tried
in the prior suit. See Puga v. Donna Fruit, 634 S.W.2d 677, 679 (Tex. 1982); Jeanes, 688 S.W.2d
at 103. (4)

 Appellant ignores however, Tex. Civ. Prac. & Rem. Code Ann. § 154.071(b) which states: 
 "The court in its discretion may incorporate the terms of the agreement in the court's final decree
disposing of the case." This language is permissive. Thus, the statute suggests that the settlement
terms may be enforced as contract rights regardless of whether they have been incorporated into the
judgment. Compania Financiara Libano, S.A. v. Simmons, 53 S.W.3d 365, 367-68 (Tex. 2001). 
Compania also addresses appellant's res judicata argument. The doctrine of res judicata bars a party
and their privies from bringing a second suit both on matters litigated and actions or defense arising
out of the same subject matter which might have been litigated in the first suit. Id. However, an
action for breach of the settlement agreement could not have been brought in the prior suit because
appellant had not yet breached his settlement agreement. Id. at 367 (citing Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 630 (Tex. 1992) (quoting Texas Water Rights Comm. v. Crow Iron Works,
582 S.W.2d 768, 771-72 (Tex. 1979) (emphasis omitted))). Appellant's first issue is overruled.

III

 Appellant argues his second and third issues together, that there was no enforceable contract
and McFarland was not individually liable. Appellant cites a solitary case, Price v. Appalachian
Resources Co., 496 S.W.2d 136 (Tex. Civ. App.--Tyler 1973, no writ). In Price, the appellant did
not deny that he defaulted and first breached the contract by failing to pay the $3,000 judgment. Id.
at 139. Thus, Price had no right to enforce performance because of his own lack of compliance. Id. 
On the one hand, appellant argues lack of consideration, and failure to perform conditions precedent
while at the same time trying to persuade us there is no contract. With no citation to the record or
to authority, appellant states its uncontroverted conditions precedent were not met. Such argument
is waived. Tex. R. App. P. 38.1(h); Walton v. Phillips Petroleum Co., 65 S.W.3d 262, 276 (Tex.
App.--El Paso 2001, pet. denied). And, appellant's failure of consideration sub-issue is unsupported
by a verified denial. Tex. R. Civ. P. 93(9).

 We do understand from appellant's brief, that he essentially argues there was no final
contract. This is curious because the record before us shows a preprinted, standard form, mediated
settlement agreement. In the contract, Rich McFarland promises to pay appellees the sum of
$25,000. The parties release one another, represent and warrant they have authority to enter into the
contract, and state they "entered the settlement" freely and without duress. (5) The contract was
executed June 30, 1999 by appellees and appellant. (6) Thus, the parties met the elements of a contract. 
See Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d 741, 758 (Tex. App.--El Paso 2000, no pet.)
(elements of a breach of contract claim are the existence of a valid contract; performance or tendered
performance by the plaintiff; breach of the contract by the defendant; and damages to the plaintiff
resulting from that breach). Appellant attempts to argue that because there were further attempts to
resolve post agreement disputes, that there was no agreement. Specifically, appellant avers he
received no confidentiality agreement or assignment of interests from appellees. There is no "subject
to" language in the settlement contract in this case. The assignment and confidentiality provisions
neither suggest nor infer that the parties intended that the agreement was to be subject to any
subsequent action by the parties, or that the signing of documents was to be a condition precedent
to the formation of an enforceable contract. See Hardman v. Dault, 2 S.W.3d 378, 381 (Tex. App.--San Antonio 1999, no pet.). Because the settlement agreement contains all the essential terms, the
contract should be enforced. Id.; see also Stevens v. Snyder, 874 S.W.2d 241, 244 (Tex. App.--Dallas 1994, writ denied) (contract law governs the settlement agreement; a party can enforce the
agreement though the other party withdraws consent to the judgment). Appellant's second issue is
overruled.

 Finally, appellant avers the "purported contract did not bind him as an individual." While
he does point to some testimony that McFarland signed in a representative capacity, the contract
itself lists three defendant entities: McFarland, Boomtown, and R.M. Interests. McFarland was
individually named for securities violations in the original action. Paragraph 2 of the settlement
contract states that the plaintiffs shall receive $25,000 and the only entity named as the payor is Rich
McFarland. Paragraph 10 notes "Each signatory to this settlement has entered into same freely and
without duress after having consulted with professionals. . . ." And finally, appellant failed to file
a verified denial of his lack of capacity to be sued individually. Tex. R. Civ. P. 93(1). Under the
record, appellant did not, and cannot establish he is entitled to judgment as a matter of law. See Dow
Chemical Co., 46 S.W.3d at 241-42. Appellant's final issue is overruled.

 The judgment of the trial court is affirmed.


 DON WITTIG, Senior Justice

May 1, 2003


Before Panel No. 5

McClure, Chew, and Wittig, JJ.

(Wittig, J., sitting by assignment)


1. The judgment included Boomtown, LLC as a liable defendant. Boomtown did not
appeal.
2. The settlement contract is attached to this opinion as exhibit A.
3. We view appellant's issues as matter of law challenges. He does not articulate an attack
on the factual sufficiency of the court's implied findings.
4. Many of appellant's cites are incorrect, including his cites to both Puga and Jeanes. Nor
did appellee bring any corrections to our attention.
5. We note the use of the past tense "entered" as opposed to a future, executory promise.
6. Appellant's tertiary argument that an agreement cannot affect an outstanding court order
is obviated by the fact the order of dismissal was signed August 9, 1999. How then could an
agreement signed June 30, 1999 affect an outstanding court order?