Evelyn R. JONES and Melanie C. Jones,
a Minor, By and Through Evelyn R.
Jones, Appellants,

v.

JOY MANUFACTURING COMPANY,
a Corporation, Respondent,

and

Frances M. Jones and W. Marshall Jones,
Involuntary Plaintiffs.

No. 50314.

Supreme Court of Missouri,

Division No. 1.

July 13, 1964.

Motion for Rehearing or for Transfer to Court
En Banc Denied Sept. 14, 1964.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Martin Schiff, Jr., St. Louis, for appellants.

William M. Van Cleve, Walter E. Diggs, Jr., St. Louis, Bryan, Cave, McPheeters & McRoberts, St. Louis, of Counsel, for defendant-respondent.

HOUSER, Commissioner.

Evelyn R. Jones and her minor daughter Melanie appeal from an order of the circuit court dismissing their second amended petition on motion of defendant Joy Manufacturing Company to dismiss for failure to state a claim upon which relief can be granted, and lack of legal capacity to sue.

Caption and signature omitted, the second amended petition follows:

"1. Defendant is a Pennsylvania corporation, duly qualified and doing business in the State of Missouri, and having the CT Corporation System, 314 North Broadway, St. Louis 2, Missouri, as its duly designated registered agent in Missouri.

"2. Plaintiff Evelyn R. Jones is the widow and an heir of Walter M. Jones, deceased, born October 29, 1899, who died on December 4, 1961, and who prior to his death was employed as district manager of defendant's Coal Machinery Division in St. Louis, Missouri. Said plaintiff is also the duly appointed Executrix of the Estate of Walter M. Jones, deceased, currently under administration.

"3. Plaintiff Melanie C. Jones is a minor under the age of fourteen years, and is the natural daughter of Evelyn R. Jones, plaintiff herein, and Walter M. Jones, now deceased, and resides with her said mother in St. Louis County, Missouri.

"4. At the time of the death of said Walter M. Jones, he also left surviving him two children by a prior marriage, namely Frances M. Jones and W. Marshall Jones, step-children to Evelyn R. Jones, plaintiff herein, both of whom have achieved their majority, and who are non-residents of Missouri and not amenable to service of process in this state in the customary manner provided by law.

"a. Said children, Frances M. Jones and W. Marshall Jones, together with plaintiffs, Evelyn R. Jones and Melanie C. Jones, constitute all the heirs of said Walter M. Jones, as determined at the time of his death under the applicable laws of intestacy.

"b. Said children, Frances M. Jones and W. Marshall Jones, have refused to join as plaintiffs herein, or their consent to join as plaintiffs cannot be obtained, and they are joined as parties herein in the capacity of involuntary plaintiffs.

"5. On or about May 28, 1959, defendant and the said Walter M. Jones entered into a written contract and agreement of employment, a copy of which is attached to this second amended petition and by this reference incorporated herein, whereby defendant agreed to pay to Walter M. Jones the sum of Fifteen Hundred Dollars ($1,500.00) per month until October 1st following Jones' 65th birthday, together with bonuses, in return for Jones' remaining in the employment of defendant and devoting his energies to performing the duties of district manager as aforesaid.

"6. Walter M. Jones fully performed all of the duties and obligations required of him under the terms of the aforesaid written agreement, up to the time of his death.

"7. The aforesaid employment contract, the written terms of which were selected and drafted by defendant corporation, provided that it was to continue in full force and effect until October 1, 1965, unless earlier terminated in the manner specified in particularity by the terms of the contract, and specifically paragraph 4 thereof.

"8. The said employment contract, which has never been terminated in the manner specified by its terms, and which was in full force and effect at the time of the death of Walter M. Jones, further provided that its terms were binding upon and enured to the benefit of each party's heirs or successors.

"9. Upon the death of Walter M. Jones plaintiffs made demand upon defendant for payment of the sum of Fifteen Hundred Dollars ($1,500.00) per month, pursuant to the terms of the written contract aforesaid, which payments or any part thereof defendant has totally failed and refused to make or tender.

"WHEREFORE, plaintiff Evelyn R. Jones prays that the court appoint her as next friend for her daughter, Melanie C. Jones, and plaintiffs pray for judgment against defendant in the amount of Fifteen Hundred Dollars ($1,500.00) per month, commencing December 1, 1961, and continuing up to date of any judgment herein, or until October 1, 1965, whichever date first occurs, together with costs."

Signatures omitted, the contract follows:

### "THIS AGREEMENT

"Made and entered into the 28th day of May, 1959.

### "BY AND BETWEEN

"JOY MANUFACTURING COMPANY, a Pennsylvania corporation, having its principal offices in the City of Pittsburgh, Pennsylvania, hereinafter referred to as 'Joy.'

### "AND

"WALTER M. JONES, a resident of St. Louis, Missouri, hereinafter referred to as 'Jones,'

### "WITNESSETH:

"WHEREAS, Jones has been in the employ of Joy for over thirty-five (35) years in various capacities and presently is in its

employ in the capacity of District Manager of the Coal Machinery Division in St. Louis, Missouri; and

"WHEREAS, Joy and Jones are desirous of continuing said employment on such terms and conditions as are mutually satisfactory thereto;

"NOW, THEREFORE, for and in consideration of the mutual covenants herein contained and intending to be legally bound hereby, Joy and Jones covenant and agree as follows:

"1. Joy hereby agrees to continue the employment of Jones in the position of District Manager of its Coal Machinery Division in St. Louis, Missouri, during the term and subject to the provisions of this Agreement.

"Jones hereby agrees to accept such position, to perform all duties consistent therewith and such other duties as may from time to time be assigned to him by Joy, and to devote his full time, energy and efforts to the performance of said duties.

"2. Joy agrees to pay Jones as compensation for his services hereunder a salary of Fifteen Hundred Dollars ($1500.00) per month, plus the District Office Sales Bonus.

"3. Unless earlier terminated as hereinafter provided, this Agreement shall continue in full force and effect until the October 1 concurring with or next succeeding Jones' sixty-fifth (65th) birthday.

"4. In the event either party hereto shall fail to perform or fulfill, in the manner and at the time herein provided, any obligation or condition herein required to be performed or fulfilled by such party, and if such default shall not be remedied promptly after receipt of written notice thereof from the non-defaulting party, the non-defaulting party shall have the right to terminate this Agreement by written notice of such termination at any time within thirty (30) days thereafter. Any termination of this Agreement, pursuant to this provision, shall be in addition to, and shall not be exclusive of or prejudicial to, any other rights or remedies the non-defaulting party may have on account of the default of the other party.

"5. This Agreement shall be interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

"6. This Agreement shall be binding upon and enure to the benefit of the parties hereto, their heirs and/or successors."

We have jurisdiction because the amount in controversy is in excess of $15,000.

Appellants claim that the court erred in dismissing the petition; that the petition states a cause of action for breach of a contractual duty defendant owed plaintiffs; that plaintiffs were entitled to enforce the contract as third-party beneficiaries by virtue of par. 6.

■ Recognizing the general rule that contracts calling for the rendition of distinctive personal services are discharged and terminated by operation of law upon the death of the party agreeing to render the services, Jarrell v. Farris, 6 Mo. 159; McDaniel v. Rose, Mo.App., 153 S.W.2d 828; In re Stormer's Estate, 385 Pa. 382, 123 A. 2d 627; Restatement, Contracts, § 459, 1. c. 855; 17A C.J.S. Contracts § 465, appellants urge that the general rule has no application in a case where by the language they use the parties to a contract manifest a different intention. Appellants maintain that paragraphs 4 and 6 of this contract manifest a different intention in that par. 4 specifies a particular manner by which the contract may be terminated, and par. 6 designates third-party beneficiaries to the contract in the event of the death of one of the parties thereto. Appellants then argue that par. 6 must have been intended to have *some* meaning, or else it would not have been included, but that par. 6 is of doubtful meaning and is ambiguous; that any doubt or ambiguity must be construed against the party who wrote the contract (admittedly respondent); that the meaning of the contract is to be decided by the jury, Pines Plaza Bowling, Inc. v. Rossview, Inc., 394

Pa. 124, 145 A.2d 672, 676, and that it was error for the court to hold as a matter of law that the contract terminated at the death of Jones; that that determination should be made by the jury after hearing evidence of the facts and circumstances surrounding the execution of the contract, citing Pritchard v. Wick, 406 Pa. 598, 178 A.2d 725; Tamko Asphalt Products, Inc. v. Fenix, Mo.App., 321 S.W.2d 527.

■ Appellants' claim that the contract is still in force, under the provisions of par. 3, because it was not terminated in the manner provided in par. 4, must be disallowed. The provision of par. 4 for termination for nonperformance does not foreclose or exclude the possibility of termination by death. The possibility of termination of a contract for distinctive personal services by the death of the party to render the services must be regarded as an inescapable concomitant of every such contract.

■ We find no basis for referring this case to the jury on the ground of an alleged ambiguity in par. 6. That paragraph is not ambiguous in the sense that its meaning is doubtful or uncertain or that it is equivocal i. e., capable of being understood in either of two or more possible senses. While the language customarily used is "heirs, executors, administrators and assigns" (not alone "heirs"), the employment of such a provision in a contract *not* calling for the rendition of distinctive personal services would not be unusual and its meaning would be clear enough. In a contract obligating a party to render unique personal services, however, at least insofar as the heirs, etc. are concerned, its inclusion is inappropriate. The scrivener included par. 6 in a contract for personal services by misappropriation or inadvertence. Obviously a contract for the rendition by Mr. Jones of unique personal acts, which only he could render, could not be binding upon his heirs so as to obligate them to perform these services. Nor can the provision that the contract enure to the benefit of the heirs be reasonably construed as a third-party beneficiary contract raising an obligation on Joy's part to pay the heirs the monthly stipends reserved for Mr. Jones, in the absence of a clear and unmistakable provision for the survival of the obligation in their favor after the death of Mr. Jones. While it would be competent for parties in this factual situation to contract for the payment to third-party beneficiaries of a sum certain for a time certain after the death of the party whose services were bargained for, the provision of par. 6 that the contract shall enure to the benefit of the heirs falls short of accomplishing this. Neither from a reading of par. 6 nor from a consideration of the contract as a whole do we find any expression of an intention, either expressly or by necessary implication, that Joy's obligation survive and continue in effect in favor of his heirs after Mr. Jones' death. On the contrary, a fair reading of the contract leads to the conclusion that it was the intention of these contracting parties that Joy's obligation to pay depend upon the continuance of the life of Mr. Jones and the continued performance by him of the services which form the basis and *raison d'etre* of the contract.

Nor do we find in par. 6 two possible alternative meanings which might have application to this factual situation, one of which could be revealed by evidence as the alternative intended, whereby we might rule par. 6 ambiguous.

The court did not err in failing to refer the case to a jury for a determination of the meaning of par. 6.

We conclude that this is not a third-party beneficiary contract; that this contract falls within the general rule; that in this contract, which called for the performance of highly individualized personal services, there was an implied condition to the obligation to pay $1,500 monthly salary and a bonus that Mr. Jones be alive and capable of performing the contract, and that his death terminated and discharged Joy Manufacturing Company's obligation to make monthly payments of salary and bonus into the future and until the October 1 next suc-

ceeding Mr. Jones' 65th birthday; that the second amended petition does not state a claim upon which relief may be granted and was properly dismissed.

The judgment is affirmed.

WELBORN, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.