MOORE, Judge.
Plaintiff appeals from a final order which granted defendants’ motion to strike plaintiff’s motion for summary judgment, granted judgment on the pleadings in favor of the defendants as to three counts of the complaint, and further granted summary final judgment for the defendants. On appeal, plaintiff only challenges the entry of summary final judgment as to the corporate defendants and the granting of the defendants’ motion to strike. We reverse in part.
Appellant contends she is entitled to third party contractual benefits under two “consultative employment agreements” entered into by her deceased husband, Daniel La-Melle, and appellee corporations. Her husband’s agreement with appellee Bel-Air Conditioning Co., Inc. provided in pertinent part:
The Company shall pay to LaMelle, and LaMelle shall accept from the Company, for his services during the consultative period, compensation at the rate of $400.00 per week, which shall be payable weekly, commencing on October 7, 1974. In the event of the disability of LaMelle during the term of this Agreement, the Company agrees to pay the balance of the payments due LaMelle as disability compensation. In the event of the death of LaMelle during this Agreement, the Company agrees to pay the balance of the payments to his widow as a death benefit for his services, or if he is not survived by a widow, then to his estate. (Emphasis added) .
Mr. LaMelle’s agreement with Freshair Corp. had an identical clause, except that it specified a lower rate of compensation. Upon Mr. LaMelle’s death, appellee corporations made some payments to appellant, but then ceased doing so. This suit followed.
Appellant moved for summary judgment, relying on the above mentioned clause in the consultative employment agreements. In response, appellees moved to strike her motion on the basis that she had failed to comply with Fla.R.Civ.P. 1.510(c). Appel-lees also moved for judgment on the pleadings and for summary judgment. In their motion for summary judgment, and in a supporting affidavit, appellees admitted nonpayment of the benefits but contended that they were not so obligated because the agreements were employment agreements which terminated upon Daniel LaMelle’s death. The parties stipulated there were no disputed issues of material fact and the trial court ruled as noted above.
While employment agreements generally terminate upon the employee’s death, exception is made where the agreement expressly extends payments beyond the employee’s death. See Stark v. McCaw, 8 Wash.App. 378, 506 P.2d 863 (Ct.App.1973); Nutt v. Members Mutual Insurance Company, 474 S.W.2d 575 (Tex.Civ.App.1971); Restatement of Contracts, § 459 (1932). The instant agreements appear to fall within this exception. However, the trial judge did not reach this issue because he apparently based summary judgment on an assumption that appellant had stipulated to the legal conclusion in appellees’ affidavit to the effect that they were not liable to appellant for any payments under the agreements. This was error.
Because there are no disputed issues of material fact in this case, this Court is tempted to remand with directions to enter a summary final judgment for appellant. However, we cannot do so because the trial court properly struck appellant’s motion for summary judgment based on her admitted failure to comply with Rule 1.510(c). Of course, this does not prevent appellant from tendering a proper motion to the trial court on remand.
In conclusion, the summary final judgment in favor of the corporate defendants is reversed. In all other respects, the order is affirmed. The cause is remanded for proceedings consistent with this opinion.
ANSTEAD and BERANEK, JJ., concur.