ACCEPTED
05-14-01342-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
4/6/2015 11:59:04 PM
LISA MATZ
CLERK

NO. 05-14-01342-CV

IN THE COURT OF APPEALS
FOR THE FIFTH COURT OF APPEALS DISTRICT OF TEXAS
AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
4/6/2015 11:59:04 PM
LISA MATZ
Clerk

BAYLOR UNIVERSITY MEDICAL CENTER,

Appellant,

v.

MARY GREESON,

Appellee.

_____

From the 44th Judicial District Court of Dallas County, Texas
The Honorable Carlos Cortez, Presiding
Trial Court No. DC-13-07506

_____

MARY GREESON'S APPELLEE'S BRIEF

_____

William J. Dunleavy
Texas Bar No. 00787404

Law Offices of William J. Dunleavy, P.C.
825 Market Street
Building M, Suite 250
Allen, Texas 75013
Telephone: (972) 247-9200
Facsimile: (972) 247-9201
Email: bill@williamjdunleavy.com

Attorney for Appellee Mary Greeson

ORAL ARGUMENT REQUESTED

April 6, 2015

## STATEMENT REGARDING ORAL ARGUMENT

Mary Greeson believes the Court's decisional process would be aided by oral argument because the fact scenario in this case is unusual and counsel for Appellee has not identified any case involving an arbitration agreement that was modified by Rule 11 Agreement, as is the situation here.

# TABLE OF CONTENTS

Statement Regarding Oral Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Arguments.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Arguments and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

I.　　　Standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

II.　　　Arguments.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

　　　　A.　　Court Lacks Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

　　　　B.　　Baylor Failed to Preserve Any Error. . . . . . . . . . . . . . . . . . . . . . . 10

　　　　　　　1.　　*Appellant Made No Objection in the Trial Court.*. . . . . . . . . . . . 10

　　　　　　　2.　　*Appellant Raises No Proper Issue on Appeal.*. . . . . . . . . . . . . . 12

　　　　C.　　Trial Court Correctly Found An Agreement to Defer Arbitration.. . . . . . . 14

　　　　D.　　Trial Court Correctly Found No Breach and No Material Breach.  . . . . . . 15

　　　　E.　　Appellant is Not Entitled to Attorney's Fees.. . . . . . . . . . . . . . . . . . . 17

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Filing and Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page**

*Austin Commercial Contractors, L.P.  v. Carter & Burgess, Inc.*,
    347 S.W.3d 897 (Tex.App.–Dallas, 2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . 8

*Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943 (Tex. 1996). . . . . . . . . . . . . . . . . . . . 9

*Celmer v. McGarry*, 412 S.W.3d 691 (Tex.App.–Dallas 2013, pet. denied). . . . . . . . . . . 9

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857 (Tex. 2000). . . . . . . . . . . . . 16

*McKinney v. National Union Fire Insurance of Pittsburgh, Pennsylvania*,
    772 S.W.2d 72 (Tex. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nutt v. Members Mut. Ins. Co.*, 474 S.W.2d 575
    (Tex.App.–Dallas 1971, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Vingcard A.S. v. Merrimac Hospitality Sys.*, 59 S.W.3d 847
    (Tex.App.–Fort Worth 2001, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278 (Tex. 1999). . . . . . . . . . . . . . . . . 10

**Statutes and Rules:**                                                                             **Page**

9 U.S.C. § 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 19

TEX. CIV. PRAC. & REM. CODE § 38.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

TEX. CIV. PRAC. & REM. CODE § 38.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 18, 19

TEX. CIV. PRAC. & REM. CODE § 51.016. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 18

TEX. R. APP. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 14, 18, 20

TEX. R. APP. P. 38.1(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

TEX. R. APP. P. 52. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATEMENT OF FACTS

The statement of facts in Appellant's Brief is inadequate as it omits the evidentiary admissions by Appellant Baylor University Medical Center ("Baylor") the Trial Court relied upon to find Mary Greeson and Baylor agreed to conduct limited discovery and mediate the case before arbitration. Appellant argued below, and argues on appeal, that its Occupational Injury Benefit Plan required the Trial Court to order the case to arbitration. **CR P177 and Appellant's Brief P8** The Occupational Injury Benefit Plan has an arbitration provision. **CR P44-107** The arbitration provision also includes the statement: "*All claims or disputes described below that cannot otherwise be resolved between Baylor and you* are subject to final and binding arbitration." **CR P88**

To respond to Appellant's arbitration argument, Mary Greeson showed the Trial Court that the parties' Rule 11 Agreement deferred arbitration until after limited discovery and after the parties conducted mediation to try to settle the dispute. **CR P110-113**[1] Among other things, the original Rule 11 Agreement provided the following:

3.  **The lawsuit should be abated pending a possible agreed resolution of the arbitration issue and while the parties seek to resolve the dispute through mediation;**

4.  **Deadlines in the case will be abated ...**

5.  **Limited discovery will be accomplished during the abatement, including:**

    a.  **paper discovery of interrogatories, requests for production, requests for admissions and/or requests for disclosure as allowed under**

---

[1]Throughout this Brief unless otherwise stated, Greeson's references to the parties' Rule 11 Agreement include the original Rule 11 Agreement of November 15, 2013 and the amended Rule 11 Agreement of February 10, 2014.

**the Texas Rules of Civil Procedure to be completed by December 31, 2013;**

**b.      certain depositions, which may include a representative of Defendant, Juanita Fuentes who is a nurse aid, Dorothy Douglas who is a nurse manager and Mary Greeson to be completed by January 31, 2014; and**

**c.      the parties may agree to further discovery and/or to extend the deadlines to complete such discovery.**

**6.      The parties will mediate this case with Mark Gilbert no later than February 28, 2014. ....**[2]

The parties later extended certain deadlines in their amended Rule 11 Agreement.[3] Appellant admitted that Mary Greeson was and is entitled to discovery by the parties' Rule 11 Agreement. **RR P19, L8-9** But all of the discovery that was agreed upon has not been completed. **RR P11, L16-22** And the parties have not been to mediation. **RR P10, L16-18**

Mary Greeson did not submit copies of her discovery responses when she responded to Baylor's motions heard by the Associate Judge. **CR P146-150** Consistent with TEX. GOV'T CODE § 54.510(e), Greeson also did not offer her discovery responses when she appealed the Associate Judge's rulings. **CR P161-171** But the Trial Court heard and had the opportunity to consider evidence that Greeson complied with the requirements of the parties' Rule 11 Agreement with the binding admissions made by Appellant's counsel at the October 3, 2014 hearing. **RR P17, L7-11 and RR P17, L18-25**

In the Trial Court, and on appeal, Appellant repeatedly argues that Greeson wholly failed to satisfy her discovery obligations under the parties' Rule 11 Agreement. **CR P107,**

---

[2]CR P110-111.

[3]CR P112-113.

**CR P184 and Appellant's Brief P12-14** The entire record shows the inaccuracy of this claim however. **CR P1-223** On January 22, 2014, Greeson served her discovery responses. **CR P27** The discovery was sent by letter to Appellant's counsel that explained Mary Greeson's "family situation has been hectic and she had another surgery on December 19, 2013. This was unexpected and hindered our ability to respond to discovery." **CR P27** Documents responsive to Appellant's discovery requests were also served. **CR P27**

Appellant argued in the Trial Court that the Rule 11 Agreement did not require certain depositions that were not completed. **RR P10, L1-7** Appellant also argued that Greeson never offered Appellant dates for Greeson's own deposition. **RR P10, L25 to P11, L1** But the record shows these claims are incorrect. The Rule 11 Agreement provided for depositions, including "a representative of Defendant, Juanita Fuentes who is a nurse aid, [and] Dorothy Douglas who is a nurse manager and Mary Greeson ...". **CR P110-113** Greeson also offered two weeks in January and February 2014 when the depositions could be completed. **CR P27**

Appellant argued below "there's not a shred of evidence from Plaintiff of any shortcomings by Baylor in the discovery process." **RR P11, L10-11** But Appellant admitted it never produced its employees and representatives for deposition, contrary to the Rule 11 Agreement. **RR P11, L16-20** Appellant argued this failure to produce witnesses was appropriate because it did not have Mary Greeson's medical records that it needed. **RR P11, L18-25** But the Rule 11 Agreement did not permit, nor require, the delay of depositions until after Appellant obtained Mary Greeson's medical records. **CR P110-113** More importantly,

after repeatedly arguing that Greeson had failed to meet her discovery obligations at the hearing on October 3, 2014, Appellant eventually admitted that Greeson had produced the medical records and medical bills in her possession, although she had few records. **RR P17, L7-11**[4]    Appellant also eventually admitted it had all of Mary Greeson's medical records from her treatment at Baylor University Medical Center and her records of treatment by Baylor doctors. **RR P17, L18-25**[5]

With all of its arguments about discovery, and whether or not Mary Greeson satisfied her discovery obligations, the real crux of Appellant's argument below was that Greeson materially breached the Rule 11 Agreement. **CR P178 and RR P11, L7**  The Trial Court considered this breach of contract argument when it heard Mary Greeson's appeal of the Associate Judge's ruling and correctly rejected the argument based on evidence from Appellant itself that Greeson had satisfied her discovery obligations. **CR P212**    Appellant also argued the Rule 11 Agreement was not an agreement to defer arbitration. **CR P177-178** But the plain language of the Rule 11 Agreement, and the parties' subsequent conduct, provided ample evidence for the Trial Court to also reject this argument. **CR P110-113**

---

[4]MR. DUNLEAVY: ... We've given them all the medical -- and I told Judge Purdy this. We've given them all the medical records and all the medical bills that Mary Greeson has.

MS. ACKELS: Which is almost nothing.

MR. DUNLEAVY: Which is almost nothing.

[5]MS. ACKELS: I have one caveat to that, Your Honor, which is Plaintiff's counsel is absolutely correct, that when Ms. Greeson sustained the alleged work injury at Baylor Hospital, she was subsequently treated by Baylor Hospital physicians.  And Plaintiff's counsel is correct that we have those records, and the Baylor doctors decided that it was a preexisting condition. (emphasis added).

Following entry of the Trial Court's Order, Appellant filed its Notice of Appeal on October 13, 2014. **CR P213-214** Appellant also filed a Request for Preparation of Clerk's Record on October 17, 2014. **CR P215-217** But Appellant did not file any objection to the Court's ruling, nor did Appellant file any motion for reconsideration, after the Trial Court entered the October 3, 2014 Order. **CR P1-223**

Appellant never requested a ruling from the Trial Court that its Occupational Injury Benefit Plan required the dispute to be arbitrated. **CR P1-223** Appellant never objected to the Trial Court's failure to rule that the Occupational Injury Benefit Plan required arbitration. **CR P1-223** Appellant never requested a ruling from the Trial Court that Mary Greeson breached, or materially breached, the parties' Rule 11 Agreement. **CR P1-223** Appellant never objected to the Trial Court's failure to rule that Mary Greeson breached, or materially breached, the parties' Rule 11 Agreement. **CR P1-223** Appellant presented no evidence that it made a demand for attorney's fees as required by TEX. CIV. PRAC. & REM. CODE § 38.002. **CR P1-223** Appellant never requested a ruling from the Trial Court that it was entitled to attorney's fees. **CR P1-223** Appellant never objected to the Trial Court's failure to rule that it was entitled to attorney's fees. **CR P1-223**

## SUMMARY OF THE ARGUMENTS

This Court lacks jurisdiction to hear this appeal because the Trial Court did not deny Baylor's request to send the dispute to arbitration. The order complained of is not "hostile to arbitration" and no basis for this appeal is found in TEX. CIV. PRAC. & REM. CODE § 51.016, nor in 9 U.S.C. § 16. The Trial Court correctly ruled that the parties agreed to defer

arbitration until after completing certain limited discovery and after completing a mediation to attempt to resolve the parties' dispute. The Trial Court was also correct to determine that Mary Greeson did not breach the parties' agreement that deferred arbitration in order to conduct discovery and to mediate the dispute.

Appellant failed to preserve any error in this appeal because its only two issues on appeal do not challenge the Trial Court's October 3, 2014 Order that Appellant appeals. Additionally, Appellant never sought a ruling from the Trial Court that Mary Greeson was required to arbitrate the dispute; Appellant never sought a ruling from the Trial Court that Greeson breached or materially breached the Rule 11 Agreement; and Appellant never sought a ruling on its request for attorney's fees, nor did Appellant prove its entitlement to attorney's fees. Similarly, Appellant never objected to the Trial Court failure or refusal to make the rulings Appellant now insists it was entitled to.

## ARGUMENTS AND AUTHORITIES

### I.      Standard of Review

Baylor correctly stated the standard of review for questions of law as a *de novo* review. But no questions of law are at issue in this appeal. Instead, the appropriate standard of review in this case is a sufficiency of evidence review.[6] And the proper issues for the Court to consider are 1) whether any evidence supports the Trial Court's judgment that the parties agreed to defer arbitration; and 2) whether any evidence supports the Trial Court's judgment that Mary Greeson did not breach, or did not materially breach, the parties' Rule

---

[6]*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005).

11 Agreement to defer arbitration, conduct discovery and mediate the dispute.

II.     **Arguments**

A.      **Court Lacks Jurisdiction**

This Court lacks jurisdiction to hear this interlocutory appeal because no statute confers jurisdiction and the Trial Court entered no order "hostile to arbitration", contrary to Appellant's claims.  Baylor cited TEX. CIV. PRAC. & REM. CODE § 51.016 in its Notice of Appeal as the jurisdictional basis for this interlocutory appeal.[7]  But Section 51.016 only allows interlocutory appeals if the appeal would be permitted by the FEDERAL ARBITRATION ACT.[8]  Specifically, TEX. CIV. PRAC. & REM. CODE § 51.016 states as follows:

> **Sec. 51.016. APPEAL ARISING UNDER FEDERAL ARBITRATION ACT. In a matter subject to the Federal Arbitration Act (9 U.S.C. Section 1 et seq.), a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16.**

This Court has said interlocutory appeals under the FEDERAL ARBITRATION ACT are limited to the situations listed in the FEDERAL ARBITRATION ACT, which states, in part, as follows:

> **a) An appeal may be taken from—**
>
> **(1) an order—**
> **(A) refusing a stay of any action under section 3 of this title,**
> **(B) denying a petition under section 4 of this title to order arbitration to proceed,**
> **(C) denying an application under section 206 of this title to compel arbitration,**
> **(D) confirming or denying confirmation of an award or partial award, or**
> **(E) modifying, correcting, or vacating an award;**

---

[7]CR P213.

[8]TEX. CIV. PRAC. & REM. CODE § 51.016.

**(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or**

**(3) a final decision with respect to an arbitration that is subject to this title.**[9]

Similarly, this Court has also stated when interlocutory appeals are not permitted under the

FEDERAL ARBITRATION ACT, which provides in part, as follows:

**(b) Except as otherwise provided in section 1292 (b) of title 28, an appeal may not be taken from an interlocutory order—**

> **(1) granting a stay of any action under section 3 of this title;**
> **(2) directing arbitration to proceed under section 4 of this title;**
> **(3) compelling arbitration under section 206 of this title; or**
> **(4) refusing to enjoin an arbitration that is subject to this title.**[10]

None of the circumstances described in 9 U.S.C. § 16 apply here. As a result, TEX. CIV.

PRAC. & REM. CODE § 51.016 also does not apply and this Court lacks jurisdiction to hear

this interlocutory appeal.

Contrary to Appellant's arguments, the Trial Court did not deny a request to send this

dispute to arbitration.[11] Rather, the Trial Court accepted the parties' intent, expressed in their

Rule 11 Agreement, to attempt to resolve the dispute before any arbitration by conducting

limited discovery and then mediating the dispute with a mediator chosen by the parties.[12]

Appellant now asks this Court to ignore the plain language and the clear intent of the Rule

11 Agreement to defer arbitration. Greeson shows the Trial Court gave effect to the parties'

---

[9]*Austin Commercial Contractors, L.P. v. Carter & Burgess, Inc.*, 347 S.W.3d 897, 900 (Tex.App.–Dallas, 2011, pet. denied) (citing 9 U.S.C. § 16).

[10]*Id.*

[11]CR P212.

[12]Id.; and CR P110-113.

intent and this Court should do the same.

Whether or not Mary Greeson agreed to arbitrate this dispute, she clearly agreed to delay arbitration until after the completion of discovery and mediation.[13]  While Appellant disputes the effect of the Rule 11 Agreement it entered into, Appellant cannot dispute the plain language of the arbitration provision in its Occupational Injury Benefit Plan that also requires the effort to resolve disputes before arbitration.[14]

In the Trial Court, Appelant noted that "Texas and Federal public policy strongly favor the submission of disputes to arbitration."[15]  But even the cases cited by Appellant show the public policy favoring arbitration is based on a parties' right to agree to arbitrate.[16]  In fact, the *Cantella* opinion cited by Baylor notes an agreement to arbitrate is a fundamental element that must be established before a court may order arbitration.[17]  While Greeson does not concede the Occupational Injury Benefit Plan includes an enforceable agreement to arbitrate, Greeson notes Appellant's contention that the Occupational Injury Benefit Plan is an enforceable agreement requiring arbitration.[18]  Appellant also recognized that agreements to arbitrate are evaluated under general principles of contract law.[19]  And as a contract, the Occupational Injury Benefit Plan could be modified, or clarified by a meeting of the minds.[20]

---

[13]CR P110-113.

[14]CR P88.

[15]CR P34.

[16]Id. (citing *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996)).

[17]*Id.*

[18]Appellant's Brief, P18.

[19]Id.

[20]*Celmer v. McGarry*, 412 S.W.3d 691, 702 (Tex.App.–Dallas 2013, pet. denied).

The evidence considered by the Trial Court supported the finding that the parties amended any agreement to arbitrate by their Rule 11 Agreement. **CR P110-113** As such, it is clear the Trial Court did not deny any request to arbitrate, nor did the Trial Court even delay arbitration by court action. Rather, the Trial Court order makes clear the lawsuit "will remain abated, until the specific limited discovery set out in the parties' Rule 11 Agreement is completed".[21] Thus the delay of arbitration was accomplished by the parties' joint decision to complete discovery and mediation before moving to arbitration, which is clearly evidenced by the Rule 11 Agreement.[22] As the Rule 11 Agreement was entered into by counsel for two parties in a lawsuit, the Trial Court properly determined the effect of the Rule 11 Agreement.

Mary Greeson shows the same principle that underlies public policies favoring arbitration – a party's right to contract – were the basis for the Trial Court's correct decision to abate this case. The parties here expressly agreed to defer arbitration in order to conduct discovery and mediation. This Court should reinforce the Trial Court's acceptance of the parties' agreement to delay arbitration by dismissing this appeal for lack of jurisdiction as there is no final order, nor even an interlocutory order denying arbitration in this case.

**B.  Baylor Failed to Preserve Any Error**

1.  *Appellant Made No Objection in the Trial Court*

To preserve a complaint for review on appeal, a party must present to the trial court a timely request, motion, or objection that states the specific grounds for the ruling requested

---

[21]CR 212.
[22]CR P110-113.

that conforms to the requirements of the rules of procedure and rules of evidence.[23] A specific objection is one which enables the trial court to understand the precise grounds so as to make an informed ruling, affording the offering party an opportunity to remedy the defect, if possible.[24] An appellant must also show the trial court ruled on the request, objection, or motion "either expressly or impliedly", or that the trial court "refused to rule" and the appellant "objected to the refusal" to rule.[25] Appellant here failed to satisfy either of these requirements in the Trial Court to complain of the Order granting Mary Greeson's appeals of the decisions by the Associate Judge.

After the Trial Court vacated the rulings of the Associate Judge, Appellant filed its Notice of Appeal on October 13, 2014[26], and its Request for Preparation of the Clerk's Record on October 17, 2014.[27] Appellant filed no objection to the Trial Court's ruling, Appellant filed no motion for reconsideration and Appellant never submitted any pleading or argument to state the specific grounds for the rulings Appellant requested from the Trial Court after the entry of the October 3, 2014 Order.[28]

Appellant never requested a ruling from the Trial Court that its Occupational Injury Benefit Plan required the dispute to be arbitrated, nor did Appellant object to the Trial

---

[23]*Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999); and TEX. R. APP. P. 33.1(a)(1)(A)-(B).

[24]*McKinney v. National Union Fire Insurance of Pittsburgh, Pennsylvania*, 772 S.W.2d 72, 74 (Tex. 1989) (interpreting TEX. R. APP. P. 52, the predecessor to TEX. R. APP. P. 33.1).

[25]TEX. R. APP. P. 33.1(a)(2)(A).

[26]CR P213-214.

[27]CR P215-217.

[28]CR P1-223.

Court's failure or refusal to rule.[29] Appellant never requested a ruling from the Trial Court that Mary Greeson breached, or materially breached, the parties' Rule 11 Agreement, nor did Appellant object to the Trial Court's failure or refusal to so rule.[30] Appellant presented no evidence in the Trial Court of any demand for attorney's fees as required by TEX. CIV. PRAC. & REM. CODE § 38.002, Appellant never obtained any ruling from the Trial Court on its request for attorney's fees, and Appellant never objected to the Trial Court's failure or refusal to rule on its request for attorney's fees.[31] As such, Appellant cannot bring to this Court its request for an award of attorney's fees, given its failure to preserve error on the issue of attorney's fees.

2.    *Appellant Raises No Proper Issue on Appeal*

A party complaining on appeal must state concisely in its brief "all issues or points presented for review."[32] Appellant here failed to satisfy this requirement in TEX. R. APP. P. 38.1(f) because neither of its issues in this appeal challenge any ruling by the Trial Court. Appellant's two issues in this appeal are stated as follows:

**1.    Did Greeson agree to arbitrate claims relating to her alleged on-the-job injury when she signed an Arbitration Agreement that covers all claims "relating to an on-the-job injury"?[33]**

**2.    Where the parties have agreed to abate the case, in the hopes of resolving the dispute through mediation—and where they've agreed the case "will remain abated until a Motion to Re-Open is filed by one of the**

---

[29]Id.

[30]Id.

[31]Id.

[32]TEX. R. APP. P. 38.1(f).

[33]Appellant's Brief, P7.

**parties"—can Baylor move to reopen the case and to compel arbitration when Greeson refuses to comply with the plan for mediation?**[34]

Appellant's first issue regarding whether Mary Greeson agreed to arbitrate is irrelevant to the Trial Court's Order that is complained of. At the hearing, Greeson advised the Trial Court that it was unnecessary to address the issue of enforceability of the arbitration provision in Baylor's Occupational Injury Benefit Plan.[35] And the Trial Court's Order of October 3, 2014 does not address that issue.[36] Instead, the Trial Court's Order vacating the Associate Judge's rulings is premised on the Trial Court's factual determination that Mary Greeson and Baylor agreed to defer arbitration to conduct discovery and mediation, as well as the additional factual determination that Greeson did not breach, or did not materially breach, the parties' Rule 11 Agreement. Because this issue is not any challenge, nor any objection, to the Trial Court's ruling, Appellant failed to preserve error by failing to "state concisely all issues or points presented for review" as required by TEX. R. APP. P. 38.1(f).

In its second issue, Appellant complains about whether it can "move to reopen the case and to compel arbitration when Greeson refuses to comply with the plan for mediation".[37] In raising this issue, Appellant again fails to make any complaint about a ruling by the Trial Court. This is because the Trial Court correctly found Mary Greeson had not breached, or had not materially breached, the parties' Rule 11 Agreement. Greeson details more fully below the propriety of the Trial Court's correct finding that there was no

---

[34]Id.

[35]RR P13, L16-19.

[36]CR P212.

[37]Appellant's Brief, P7.

breach of the Rule 11 Agreement. In noting Appellant's failure to state concisely this issue presented for review, Greeson shows this issue merely assumes that Greeson "refuses to comply with the plan for mediation", but the Trial Court determined that Greeson did not breach the Rule 11 Agreement and Appellant does not by either of its issues challenge that correct finding. Accordingly, as Appellant's second issue is not any challenge, nor any objection, to the Trial Court's ruling, Appellant fails to preserve error as required by TEX. R. APP. P. 33.1 and TEX. R. APP. P. 38.1(f).

## C. Trial Court Correctly Found An Agreement to Defer Arbitration

The evidence considered by the Trial Court supports the finding that the parties agreed to defer arbitration. Appellant argues in error that no such agreement exists. But it is clear from the parties' Rule 11 Agreement that Appellant and Greeson agreed to conduct discovery and and they agreed to mediate their dispute before any arbitration.[38] Despite this clear evidence of agreement, Appellant argues there was no agreement to defer arbitration until after limited discovery was conducted and after mediation.[39] Appellant is wrong.

While Appellant disputes the effect of the Rule 11 Agreement, it cannot dispute that its Occupational Injury Benefit Plan requires arbitration only for disputes "*that cannot otherwise be resolved between Baylor and you*."[40] The Trial Court considered the parties Rule 11 Agreement; it considered Appellant's expressed desire to obtain discovery[41]; and the Trial

---

[38]Rule 11 Agreement, CR P110-113.

[39]Appellant's Brief, P12-14.

[40]CR P88.

[41]RR P20, L15 to P21, L6.

Court considered Baylor's Occupational Injury Benefit Plan that contemplates an effort to resolve disputes before arbitration. With all of this evidence and information, the Trial Court correctly determined the parties had in fact agreed to defer arbitration in order to conduct some limited discovery and complete a mediation.

In reviewing the Trial Court's Order for sufficiency of evidence, this Court must view the evidence in the light favorable to the Order, crediting the favorable evidence if a reasonable fact finder could have given the evidence credit, and disregarding contrary evidence unless a reasonable fact-finder could not disregard that evidence.[42] "If the evidence [considered by the fact-finder] would enable reasonable and fair-minded people to differ in their conclusions, the [fact-finder] must be allowed to do so."[43] And this Court, as a "reviewing court", "cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement."[44]

The evidence may be disputed, but competent evidence supports the Trial Court's determination that the parties here agreed in their Rule 11 Agreement to defer arbitration, to conduct discovery and to complete a mediation before any arbitration. Accordingly, Mary Greeson respectfully shows this Court should not set aside the Trial Court's Order, as it is supported by credible evidence and because Appellant failed to preserve error on this issue.

## D. Trial Court Correctly Found No Breach and No Material Breach

Similar to the Trial Court's determination that the parties agreed to defer arbitration,

---

[42]*City of Keller*, 168 S.W.3d at 820.

[43]*Id.* at 822.

[44]*Id.*

the competent evidence also supports the Trial Court judgment that Mary Greeson did not breach, or did not materially breach, the parties agreement to defer arbitration. Well settled Texas law makes clear that one party to an agreement may not accept benefits from an agreement and then refuse to perform its own obligations under the agreement.[45] Appellant complained below about the details of Greeson's performance of the parties' Rule 11 Agreement, but the evidence before the Trial Court supports a finding that Greeson performed, or substantially performed, her obligations under the Rule 11 Agreement.

The record on appeal shows Mary Greeson served her discovery responses on January 22, 2014.[46] Greeson also explained a delay in providing the discovery.[47] Documents responsive to Appellant's discovery requests were also served.[48] Similarly, the record shows Greeson offered two entire weeks in January and February 2014, when the depositions of Appellant's witnesses and the deposition of Mary Greeson could be completed.[49]

Despite knowing Greeson served her discovery responses and produced responsive documents, Appellant repeatedly argued to the Trial Court that Greeson failed to meet her discovery obligations.[50] But at the October 3, 2014 hearing, Appellant admitted Greeson had produced medical records and medical bills in her possession, although she had few

---

[45]See *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000); and *Nutt v. Members Mut. Ins. Co.*, 474 S.W.2d 575, 578 (Tex.App.–Dallas 1971, writ ref'd n.r.e.).

[46]CR P27.

[47]Id. (Mary Greeson's "family situation has been hectic and she had another surgery on December 19, 2013. This was unexpected and hindered our ability to respond to discovery.")

[48]Id.

[49]Id.

[50]CR P107; and CR P184, among others.

GREESONAPELLEEBRIEF.wpd

records.[51]  Appellant also admitted it had Greeson's medical records from Baylor University Medical Center and her records from Baylor doctors.[52]  And Appellant acknowledged the letter that included Greeson's offer of deposition dates to Appellant.[53]

In this second sufficiency of evidence analysis, the Court again views the evidence in the light favorable to the Order, crediting favorable evidence, and disregarding contrary evidence unless the fact-finder could not disregard the contrary evidence.[54]  And if reasonable and fair-minded people can differ in their conclusions, the fact-finder here must also be allowed to do so."[55]  This Court cannot substitute its judgment for that of the Trial Court, as long as some evidence supports the Trial Court's Order.[56]  Because the Trial Court correctly decided that Greeson had not breached, or had not materially breached, the parties' Rule 11 Agreement, and because that judgment is supported by credible evidence, Mary Greeson respectfully submits that this Court should not set aside the Trial Court's Order.

## E.  Appellant is Not Entitled to Attorney's Fees

Appellant claims it is entitled to attorney's fees and costs on with this appeal.[57]  Appellant seeks attorney's fees based upon the terms of TEX. CIV. PRAC. & REM. CODE §

---

[51]RR P17, L7-11 (MR. DUNLEAVY: ... We've given them all the ... medical records and all the medical bills that Mary Greeson has.  MS. ACKELS: Which is almost nothing.).

[52]RR P17, L18-25 (MS. ACKELS: "Plaintiff's counsel is correct that we have those [medical] records ...".

[53]RR P11, L18-19.

[54]*City of Keller*, 168 S.W.3d at 820.

[55]*Id.* at 822.

[56]*Id.*

[57]Appellant's Brief, P28.

38.001(8).[58]  But as with Appellant's other contentions and arguments in this appeal, the claim for attorney's fees is not supported by the facts, nor by Texas law.

As noted above, Appellant did not obtain any ruling from the Trial Court that Mary Greeson breached, or materially breached, the parties' Rule 11 Agreement and Appellant failed to object to this failure or refusal of the Trial Court to rule.[59]  Appellant also presents no evidence that it made a demand for attorney's fees.[60]  A demand must be made to establish entitlement to attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.002.[61]  Greeson also shows that Appellant never requested a ruling from the Trial Court that it was entitled to attorney's fees and Appellant never objected to the lack of a ruling on its claim for attorney's fees.[62]  As Appellant failed to show it satisfied the statutory prerequisites for an award of attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.002; as Appellant failed to preserve error by failing to obtain a ruling on its attorney's fees claim and by failing to object to the lack of a ruling on its attorney's fees claim; and as Appellant failed to raise any issue on appeal regarding its claim for attorney's fees as required by TEX. R. APP. P. 33.1, Mary Greeson respectfully shows this Court should reject Appellant's claim for attorney's fees.

## CONCLUSION

Appellee Mary Greeson has shown clearly that this Court lacks jurisdiction to hear

---

[58]Id.

[59]CR P1-223.

[60]Id.

[61]*Vingcard A.S. v. Merrimac Hospitality Sys.*, 59 S.W.3d 847, 867 (Tex.App.–Fort Worth 2001, pet. denied).

[62]CR P1-223.

this appeal because the Trial Court did not deny Baylor's request to send this dispute to arbitration and because the Trial Court's order that Appellant complains of is not "hostile to arbitration". As such, there is no basis in TEX. CIV. PRAC. & REM. CODE § 51.016, nor in 9 U.S.C. § 16, for this Court to find it has jurisdiction over this appeal. Greeson also established that the Trial Court correctly found the parties agreed to defer arbitration until after completing certain limited discovery and after completing a mediation to attempt to resolve the parties' dispute; and that the Trial Court was correct in finding that Mary Greeson did not breach the parties' agreement that deferred arbitration in order to conduct discovery and to mediate the dispute. Because the Trial Court correctly ruled based upon sufficient competent evidence, after a sufficiency of evidence review, this Court should affirm the Trial Court's Order vacating the Associate Judge's rulings.

Next, it is clear Appellant failed to preserve any error in this appeal by its only two issues on appeal do not challenge the Trial Court's October 3, 2014 Order that Appellant appeals. Appellant never sought or obtained any ruling from the Trial Court that Mary Greeson was required to arbitrate the dispute; Appellant never sought or obtained any ruling from the Trial Court that Greeson breached or materially breached the Rule 11 Agreement; and Appellant never sought or obtained any ruling on its request for attorney's fees. Similarly, Appellant never objected to the Trial Court failure or refusal to make the rulings Appellant now insists it was entitled to. Given these multiple failures of Appellant, Mary Greeson shows this Court should deny this appeal in its entirety.

Finally, Appellant failed to plead and prove its entitlement to attorney's fees in the

Trial Court. Appellant specifically failed to establish that it made any demand as required under TEX. CIV. PRAC. & REM. CODE § 38.002. Appellant also failed to preserve error by failing to obtain a ruling on its attorney's fees claim; by failing to object to the lack of a ruling on its attorney's fees claim; and by failing to raise any issue on appeal on its claim for attorney's fees as required by TEX. R. APP. P. 33.1. Accordingly, Mary Greeson also requests that this Court reject Apellant's claim for attorney's fees.

## PRAYER

Appellee Mary Greeson respectfully prays that this Court affirm the Trial Court's Order of October 3, 2014 and award Greeson her costs of this appeal.

Respectfully submitted,

LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C.

/s/ *William J. Dunleavy*
William J. Dunleavy
Texas Bar No. 00787404
825 Market Street
Building M, Suite 250
Allen, Texas 75013
Telephone: 972/247-9200
Facsimile: 972/247-9201
E-mail: bill@williamjdunleavy.com
Attorney for Appellee Mary Greeson

## CERTIFICATE OF FILING AND SERVICE

I certify that I electronically filed Mary Greeson's Appellee's Brief on April 6, 2015 and a true and correct copy of Mary Greeson's Appellee's Brief was also served electronically through the Texas E-file system on April 6, 2015 upon counsel for Appellant Baylor University Medical Center:

Jay M. Wallace
Alana K. Ackels
Bell Nunnally & Martin
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204

/s/ *William J. Dunleavy*
William J. Dunleavy

## CERTIFICATE OF COMPLIANCE

In accordance with the Texas Rules of Appellate Procedure, I certify that Mary Greeson's Appellee's Brief contains 5,943 words, and I relied on the word count of the WordPerfect program I used to prepare Appellee's Reply Brief.

Dated: April 6, 2015

/s/ *William J. Dunleavy*
William J. Dunleavy

GREESONAPELLEEBRIEF.wpd